MOORE v. MOORE. (No. 475.)

(Court of Civil Appeals of Texas. Beaumont.
June 10, 1919.)

1. DIVORCE ☞296, 312—CUSTODY OF CHIL-
DREN—REVIEW.

District courts are vested with very broad
discretion in the matter of awarding the cus-
tody of children in divorce proceedings, and a
very clear case of abuse of that discretion is
necessary before an appellate court will inter-
fere.

2. DIVORCE ☞312—CUSTODY OF CHILDREN—
REVIEW.

Where the trial court in a divorce proceed-
ing brought by the wife has awarded the hus-
band an absolute divorce on his cross-bill on
account of the wife's adultery, but has given
the custody of a nine year old female child to
the wife, its discretion in so awarding the cus-
tody of the child will not be interfered with
on appeal, where the court also found that the
wife had reformed.

Appeal from District Court, Harris Coun-
ty; J. D. Harvey, Judge.

Suit by Mayme Moore against Ferdinand
Moore for divorce and custody of a child,
with cross-action by defendant. Judgment
was rendered for defendant on his cross-bill,
but the custody of the child was awarded to
plaintiff, and defendant appeals. Affirmed.

Elmo Johnson, of Galveston, for appellant.
W. M. C. Dickson, of Houston, for appel-
lee.

HIGHTOWER, C. J. Appellee, Mayme
Moore, filed suit in the district court of
Harris county against her husband, Ferdi-
nand Moore, for divorce, and also prayed
that she be awarded, upon the dissolution of
the marriage, the possession and custody of
a girl child, Gussie Catherine Moore, the
only issue of the marriage between the par-
ties, whose age was nine years. Appellant,
after denying the grounds upon which appel-
lee sought a divorce, filed a cross-action pray-
ing that he be granted a divorce upon the
ground that appellee had been guilty of
adultery, and further prayed that the pos-
session and custody of their said child be
awarded to him. There is no necessity for
stating the history of this litigation in fur-
ther detail.

Upon hearing of the case before the court
without a jury, judgment was rendered in
favor of appellant upon his cross-bill for a di-
vorce as prayed, but the court decreed that
the possession and custody of said minor
should be awarded to appellee. From this
judgment appellant has brought the case to
this court, and assigns error upon the rul-
ing of the trial court in awarding the cus-
tody and possession of said minor to appel-
lee.

The court filed findings of fact and conclu-
sions of law, as follows:

"Findings of Fact.

"(1) I find that plaintiff and defendant are
husband and wife, having married on or about
the date alleged in plaintiff's petition.

"(2) I find from the evidence that plaintiff
has been taken in adultery with another man,
as alleged in defendant's cross-action.

"(3) I find from the evidence that plaintiff
and defendant have one female child, named
Gussie Catherine Moore, whose age is nine
years.

"(4) I further find from the evidence that the
welfare of the child and its best interest re-
quire that plaintiff have the care, custody, and
control of said child; that plaintiff is amply
able, financially, to care for and educate the
child, and will keep it surrounded by good in-
fluences and give it a good education, and proper
moral training suitable to her race; that the
child is now in charge of the Houston Academy,
a reputable institution of the city of Houston,
the superintendent of which is Prof. Hodges,
a man of good intellectual attainments and cul-
ture and good morals.

"(5) I further find from the evidence that
while plaintiff has, in the past, committed adul-
terous acts, as above found, I now find that she
has long since ceased such illegal and immoral
practices.

"(6) The court further finds, from personal
knowledge and personal investigation into the
matter, that the institution at which plaintiff
now has such child placed, to wit, the Houston
Academy, is a reputable institution, and the
man at the head of it, Prof. Hodges, is a man
of high morals, good education, and high intel-
ligence, and one well fitted to teach and direct
the child; and that the plaintiff is highly re-
garded by her employers and stands in high
regard with members of her own race, to wit,
the negro race, and the fact that she has in
the past committed the indiscretions alleged in
defendant's cross-action does not seem to affect
her standing with that race.

"Conclusions of Law.

"I find that the bonds of matrimony existing
between plaintiff and defendant should be dis-
solved.

"The best interests and welfare of the child,
Gussie Catherine Moore, requiring that plain-
tiff have the care, custody, and control of her,
the said child, I find that such care, custody,
and control ought to be and is here adjudged
to the plaintiff."

After consideration of the brief statement
of facts which accompanies this record, we
are unable to say that the trial judge was
clearly wrong in his conclusion of fact that
the best interests and welfare of the child,
Gussie Catherine Moore, demanded that her
possession and custody be awarded to the
appellee.

[1, 2] District courts are vested, in this
state, with very broad discretion in matters
of this kind, and it would have to be a very
clear case of abuse of that discretion before

an appellate court would interfere with its exercise. It is true that the trial court found that appellee had been guilty of adultery and granted the decree of divorce on that ground; but he also expressly found, in effect, that appellee had ceased such conduct, and that, notwithstanding such past misconduct, it was best for the interests of the child that its possession and custody be left with her.

Upon the whole case, we have concluded that we would not be authorized to disturb the trial court's judgment in this matter, and appellant's assignments of error are overruled, and the judgment affirmed.