### BRONNER v. BRONNER et al.

#### No. 6319.

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1953.

Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellant.

Hood & Hood, Borger, for appellees.

PITTS, Chief Justice.

This is a suit for divorce and the custody of a two and one-half year old child. The child's mother, Mary McCormick Bronner, appellant herein, filed suit against the child's father, Roy Bronner, appellee herein, seeking a divorce from him on the grounds of physical and mental cruelty. She alleged they had no community property and she sought the custody of their minor daughter, Mary Jane Bronner, and, asked that the father be required to support the child. The child's father answered admitting the marriage on December 9, 1949, and the separation on December 31, 1951, as well as the birth of the child to said marriage but denied the allegations of cruelty. In a cross-action he sought a divorce from appellant on the alleged grounds that she frequently associated with and kept company with other men and he sought custody of the minor child on the alleged grounds that its mother was not a fit and proper person to have its custody.

The record reveals that at the time of the separation the child's father took the child with him and kept it in the home of his parents until its temporary custody was awarded by the trial court to its mother pending a final disposition of the case on its merits. As a result of such temporary order, the child had been living with its mother and her parents for approximately a year prior to the final hearing. The record further reveals that since the separation, the child's parents resided with their parents, respectively, and that all of the parties resided in the small county seat town of Stinnett in Hutchinson County. Pending a final hearing the child's father and his parents were allowed reasonable visiting privileges with the child and such order has been observed.

The child's maternal grandparents, Mr. and Mrs. Rex McCormick, intervened in this suit seeking joint custody with their daughter, appellant herein, of the child. The child's paternal grandparents, Mr. and Mrs. C. C. Bronner, likewise intervened seeking either full custody of the child or joint custody of it together with their son,

appellee herein. All parties participated in the trial on the merits and all of them testified as witnesses.

The case was heard without a jury and resulted in a decree, merely dissolving the bonds of matrimony between the original parties to the suit without specifying to which party a divorce was granted, if either, and without making any findings or showing any conclusions that would determine such a question. The trial court found that both parents and all four of the grandparents were fit and proper persons to have the care, custody and control of the child and proceeded to divide the child's custody equally between its parents, jointly with their parents, respectively, until it reaches school age when its mother, jointly with her parents, were awarded its custody during the nine school months of the year and its father, jointly with his parents, were awarded its custody during the other three months of the year, with reasonable visiting privileges of the child given those without the custody during such period and its father was required to contribute $30 per month for its support during the time its mother and her parents had its custody. Both parents gave notice of appeal but the mother alone perfected an appeal. However, the father is contesting the mother's right to have custody of the child. Both parties seriously attacked the trial court's judgment and both parties charged that the trial court abused its discretion and committed reversible error in dividing the child's custody. In so contending they both cite some of the same authorities and particularly several similar cases previously disposed of by this court. Both parties likewise admit that as a general rule, everything else being equal, the custody of a child of tender years should be awarded to its mother in a divorce action. However, appellee contends that the facts here presented constitute an exception to the general rule for which reason the child's custody should be awarded to its father. Appellee further contended in the oral argument of his counsel made to this court that fundamental error had been committed by the trial court in merely dissolving the bonds of matrimony and that a divorce should have been granted to the child's father.

We concur with the contentions made by both parties to the effect that the trial court abused its discretion in dividing the custody of the child between its parents, together with their parents, respectively. This court and other Texas courts have many times held that the custody of a child of tender years should not be divided in an action such as this unless such is done by reason of the existence of special conditions which make such a division absolutely necessary. This court passed on an issue such as this early this year in the case of Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347, and there cited most, if not all, of the authorities here cited by both parties concerning the issue of divided custody. This court and other Texas courts have likewise held many times that as between the parents, everything else being equal, the custody of a child of tender years should be awarded to its mother in such cases if she be a fit and proper person to have its custody. It appears from the record here presented that there is sufficient evidence to support the findings of the trial court to the effect that the mother, the father and all of the grandparents are fit and proper persons to have the child's custody when the rules for determining the sufficiency of the evidence are properly applied. It is our opinion, however, that, in such a case, the custody of the child should be awarded to one person, preferably to a parent, who should have full authority, subject to the court's order, over the child and its best interest and who should be held responsible for its best interest, with suitable visiting privileges allowed at reasonable times for others.

The awarding of custody of minor children and the division of property in such cases are contingent first upon a valid judgment of divorce. The law has attempted to safeguard the marriage contract as it has no other kind of a contract and no judgment severing the marriage relationship should be rendered unless the terms

of the statute have been strictly complied with. A judgment rendered in disregard of the expressed provisions of the statute is void and of no force and effect. In such event its rendition constitutes fundamental error for which reason the judgment may and should be reversed. We believe a trial judge faces no greater responsibility than that of determining whether or not a divorce should be granted in a case such as this and what should be for the best interest of a child of tender years born to the marriage if a divorce be granted. Such should be granted, if at all, after the statute authorizing such has been fully complied with and then only upon full and satisfactory evidence that the party to whom a divorce is granted is entitled to such under the law, the pleadings and the evidence presented. The decree should then conform to the requirements of decrees in civil actions generally. In hearing a divorce action, the court is charged with the duty of protecting the public interests as well as the rights of the party litigants themselves. Not until the issue of divorce has been fully heard and determined will the trial court be faced with the problems of proper custody of minor children born to the marriage, the division of property and other orders incidental to the divorce decree. On appeal an appellate court must not attempt to dispose of matters contingent upon a divorce until it is fully satisfied that a proper and lawful divorce decree has been entered by the trial court.

The grounds for dissolving a marriage relationship are set forth in Article 4628, Vernon's Annotated Civil Statutes. The grounds there set forth are not here relied on by either party and according to the record they could not have relied on such grounds for a dissolution of their marriage.

■ The grounds for decreeing a divorce for one party or the other are set forth in Article 4629 and both parties have sought here to comply with the grounds, or a part of them at least, set forth in the said Article. They have each sought a divorce and other relief as against the other but the trial court did not grant the relief as sought by either of them. Its order merely dissolves the bonds of matrimony without expressing directly or indirectly in whose favor or who was cast in the suit. Its order divides equally the custody of the child until it reaches school age and it likewise adjudged the trial court costs equally between the parties. As previously stated generally a decree in a case such as this should conform to the requirements of decrees in civil actions and generally somebody prevails in a civil action as is reflected by the judgment entered therein. A divorce decree merely dissolving the bonds of matrimony may not be fatal if the judgment, or even the record, revealed through trial court findings or conclusions who prevailed in the action. Such are not here revealed directly or indirectly, however, it is a better practice, at any rate, to state in the decree granting the divorce who prevailed.

■ For the reasons stated it is our opinion that the trial court's judgment does not strictly comply with the law governing the controlling issue of divorce here presented. Subject to a proper divorce decree and according to the record presented and the authorities cited, both parties herein are justified in complaining about the division of the child's custody. For the reasons stated the judgment of the trial court is reversed and the cause remanded for a new trial to be conducted and the issues disposed of consistently with the rules of law herein expressed. All of the court costs accruing in the trial court and in this court are hereby taxed against appellee, Roy Bronner. Reversed and remanded.