Mary McCormick BRONNER, Appellant,

v.

Roy BRONNER et al., Appellees.

No. 6420.

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1954.

Adkins, Folley, McConnell & Hankins, Amarillo, for appellant.

Hood & Hood, Borger, for appellees.

NORTHCUTT, Justice.

This is a suit for divorce and the custody of a child practically four years of age. Mary McCormick Bronner, hereafter referred to as plaintiff, sued Roy Bronner, who will hereafter be referred to as defendant, for divorce and custody of their minor child, Mary Jane Bronner. This same case was before this court last year. Bronner v. Bronner, Tex.Civ.App., 267 S.W.2d 577.

In the first trial of this case by the court without a jury the court did not grant a divorce to either party but merely dissolved the bonds of matrimony without expressing directly or indirectly to which party a divorce was granted, if either, and without making any findings or showing any conclusions that would determine such a question. In that same judgment or order the court divided the child's custody equally between its parents, jointly with their parents respectively, until it reached school age when its mother, jointly with her parents, was awarded its custody during the nine school months of the year and its father, jointly with his parents, was awarded its custody during the other three months of the year. In the former appeal of this case, the case was reversed because no divorce was granted. Although both parties to that appeal complained of the action of the trial court in dividing the custody of the child, the court reversed the judgment because it was not a valid judgment of divorce and held that the awarding of custody of minor children and the division of property in such cases are contingent first upon a valid judgment of divorce but since there was no valid judgment no other disposition could be made of the case. The court did, however, decide the issue of divided custody which was raised by both parties and held the trial court abused its discretion.

In the present case, Mary Bronner was not joined by her parents and although Roy Bronner was joined by his parents no further reference will be made to the parents of Mary Bronner or Roy Bronner since we hold that neither of them is en-

titled to any claim to the custody of the child under this record.

The last trial of this case (the one here on appeal) was tried to a jury upon the following special issues:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that Roy Bronner has been guilty of excesses, cruel treatment, or outrages against Mary McCormick Bronner of such a nature as to render their further living together insupportable?

"Answer 'Yes' or 'No'."

"Special Issue No. 2

"Do you find from a preponderance of the evidence that Mary McCormick Bronner has been guilty of excesses, cruel treatment, or outrages, against Roy Bronner of such a nature as to render their further living together insupportable?

"Answer 'Yes' or 'No'."

"Special Issue No. 3

"Do you find from a preponderance of the evidence that Mary McCormick Bronner should be awarded the custody of the minor daughter of the plaintiff and defendant, namely, Mary Jane Bronner?

"Answer 'Yes' or 'No'."

"Special Issue No. 4

"Do you find from a preponderance of the evidence that Roy Bronner should be awarded the custody of the minor daughter of the plaintiff and defendant, namely, Mary Jane Bronner?

"Answer 'Yes' or 'No'."

"Special Issue No. 5

"Do you find from a preponderance of the evidence that the plaintiff, Mary McCormick Bronner, should be awarded part time custody of the minor daughter

of plaintiff and defendant, namely, Mary Jane Bronner, and if so, state what periods, or months of the year?"

"Special Issue No. 6

"Do you find from a preponderance of the evidence that the defendant, Roy Bronner, should be awarded part time custody of the minor daughter of plaintiff and defendant, namely, Mary Jane Bronner, and if so, state what periods, or months of the year?"

"Special Issue No. 7

"During the time, if any, the minor child, Mary Jane Bronner, may be in the custody of the plaintiff, Mary McCormick Bronner, what sum of money do you find from a preponderance of the evidence would be a fair and proper amount for the defendant, Roy Bronner, to contribute to the plaintiff, Mary McCormick Bronner, for the support and maintenance of the minor daughter, Mary Jane Bronner, each month?

"Special Issue No. 8

"Do you find from a preponderance of the evidence that the parents of Mary McCormick Bronner, Rex McCormick and wife, should be awarded the joint, or co-custody of the minor child, Mary Jane Bronner, during such time, if any, that her mother, Mary McCormick Bronner, is awarded her custody?"

"Special Issue No. 9

"Do you find from a preponderance of the evidence that the parents of Roy Bronner, C. C. Bronner and wife, should be awarded the joint, or co-custody of the minor child, Mary Jane Bronner, during such time, if any, that her father, Roy Bronner, is awarded her custody?"

The jury answered the special issues as follows:

Special Issue No. 1, "No."
Special Issue No. 2, "Yes."

Special Issue No. 3, "No."
Special Issue No. 4, "No."
Special Issue No. 5, "Nine months."
Special Issue No. 6, "Three months."
Special Issue No. 7, "$20.00 per month."
Special Issue No. 8, "No."
Special Issue No. 9, "No."

Upon this verdict of the jury, the trial court rendered judgment denying Mary McCormick Bronner's application for divorce but granted Roy Bronner's application for divorce and cancelled and annulled the marriage relation existing between plaintiff and defendant and granted Mary McCormick Bronner custody and control of the child in question for nine months of each year (September 1, 1953, until June 1, 1954, and for each and every year thereafter for said months) and granted Roy Bronner custody and control of the child in question beginning June 1, 1954, and ending September 1, 1954, and each year thereafter for said period of time. Both parties made a motion for a new trial as to the question of custody of the child but neither party raised any issue as to the divorce. Both motions for a new trial being overruled, both parties perfected their appeals to this court solely upon the question as to the custody of Mary Jane Bronner. Since neither party raises any issue as to the divorce, that part of the judgment is not in any way disturbed.

By stipulation of all parties hereto, it was agreed that the question would be submitted to the jury upon the record made on the prior trial of the case as evidenced by the Statement of Facts filed in this court in Cause No. 6319, being the same case mentioned above, cited at 267 S.W.2d 577, and in accordance with such agreement the Statement of Facts was read to the jury. On the former appeal of this case this same issue as to the trial court abusing its discretion in dividing the custody of the child between the parties was raised as is raised here. In the former opinion of this court, as to the points involved, the following ruling was made:

"We concur with the contentions made by both parties to the effect that the trial court abused its discretion in dividing the custody of the child between its parents, together with their parents, respectively. This court and other Texas courts have many times held that the custody of a child of tender years should not be divided in an action such as this unless such is done by reason of the existence of special conditions which make such a division absolutely necessary. This court passed on an issue such as this early this year in the case of Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347, and there cited most, if not all, of the authorities here cited by both parties concerning the issue of divided custody." 267 S.W.2d 577, 579.

■ Since this case was tried upon the identical Statement of Facts as was used in the former appeal and in which all parties contended the trial court abused its discretion and that contention was sustained, we are of the opinion that it has been determined under this record that the trial court abused its discretion in granting divided custody of the child in question. We believe the statement made in Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347 at page 353, shows good reasoning and why the split custody is not approved as there stated.

"In the case of Dunn v. Dunn, Tex. Civ.App., 217 S.W.2d 124, 126, writ dismissed, this court held that divided custody between divorced parents of children of tender years should not be permitted 'except under special conditions in which there is no reasonable alternative and it is made essential and absolutely necessary'. This court again so held in the following cases: Bezner v. Sawyer, Tex.Civ.App., 217 S.W.2d 858; Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732; Kelly v. Applewhite, Tex. Civ.App., 231 S.W.2d 974. Other courts have so held and the rule controlling such cases is well stated by Judge Alexander of the Waco court in the case of Martin v. Martin, Tex.Civ.App.,

132 S.W.2d 426, 428, in the following language:

"'In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions.'

"This very same language was quoted verbatim with approval by Judge Blair for the Austin court in disposing of a similar issue in the case of Byrd v. Byrd, Tex.Civ.App., 195 S.W.2d 822. This rule was likewise applied with many authorities cited in support thereof in the very recent case of Ott v. Ott, Tex.Civ.App., 245 S.W.2d 982."

■ The fact that the jury found that each of the parents should have the child part of the time is not binding upon the trial court but such verdict is only advisory. Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684; Kesler v. McGuire, Tex.Civ.App., 109 S.W.2d 1115; Marr v. Marr, Tex.Civ.App., 191 S.W.2d 512.

■ The fact that the court or the jury might have found that both parties were suitable and proper persons to have the custody of the child does not necessarily imply that the welfare of the child will be best subserved by a divided custody or by giving the mother nine months and the father three months. Rauh v. Rauh, Tex. Civ.App., 267 S.W.2d 584.

■■ The sole and only question that should be considered by the court in a child custody matter should be the best interest of the child. Our courts have always recognized that as being the real criterion. Although a judgment may be final at the time custody be granted, if conditions change to where the welfare of the child demands a change of custody, the courts have approved such change.

The jury in this case found in favor of Roy Bronner as to the one being entitled to a divorce and the trial court denied Mary Bronner's application for a divorce and granted divorce to Roy Bronner as found by the jury.

■ A great deal of the trouble between Mr. and Mrs. Bronner seemed to be about a party named Duncan and regardless of the disputes or contentions of the parties he remains in the picture with no showing of there being any change contemplated. This being true, regardless of whether there was anything wrong or not, a condition existed that the jury seemed to disapprove of and there was sufficient evidence to substantiate their finding. The home where plaintiff resided with the child consisted of a living room used also as a bedroom, a kitchen used also as a bedroom, a porch used also as a bedroom, then a little room with a bed. Originally plaintiff and the child in question slept in the kitchen. Plaintiff's father and mother slept on the porch. This man Duncan slept in the living room and plaintiff's older brother and a man named Blouqust slept in the small bedroom but no showing where the younger brother

slept. This house was not modern. The older brother and Blouqust are not there any longer. The only witness besides plaintiff and defendant and their parents to testify was Mrs. Betty Goddard. Mrs. Goddard testified of the filth the child had to live in and around in the past and in its present location. The undisputed testimony is that defendant lives with his parents in a modern home with two bedrooms and that no one lives there except defendant and his father and mother. Defendant's mother is willing to help care for the child. If all of the conditions did not exist as testified to by Mrs. Goddard, and we mention this because she is the only disinterested witness, it seems that in a small community where plaintiff had resided most of her life she could have secured testimony of disinterested parties to show the conditions to be different. We are familiar with the holdings to the effect that between parents, everything else being equal, the custody of a child of tender years should be awarded to its mother in such cases if she be a fit and proper person to have its custody and we approve of that holding. We do not believe that the conditions as they exist under this record would justify us in holding that it is to the best interest of Mary Jane Bronner that she be left in the custody of the plaintiff. Under this record, if the custody of the child in question was granted to the defendant, during the day it would be left in a clean, modern home alone with its grandmother but under its present conditions and surroundings as shown by this record there are too many around the child for it to live the normal life that it should.

It is our opinion that the record does not disclose any good reason why the custody should be divided between the parents. Under the record presented here, it is our opinion that it will not be for the best interest of the child to divide its custody between its parents but believe it will be to the best interests of the child that its custody be vested in its father. We therefore reverse and set aside that part of the trial court's judgment dividing the custody of the child between its parents and hereby award full custody of the child, Mary Jane Bronner,

to its father, Roy Bronner, with the right of reasonable visitation privilege given to its mother, Mary Bronner, at reasonable times. All costs are taxed against Roy Bronner.

Reversed and rendered as to the custody of Mary Jane Bronner.