Mrs. Pat MILIM et vir, Appellants,

v.

G. MAYFIELD, Appellee.

No. 6555.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 31, 1955.

E. T. Miller and Lumpkin & Watson, Amarillo, for appellants.

Day & Owen, Plainview, for appellee.

PITTS, Chief Justice.

This majority opinion has been prepared for announcement in lieu of a minority opinion previously prepared. This is a child custody case in which the issue of proper custody has been three times litigated within a period of less than 20 months and in our opinion in the last trial of the cause the issue was not properly disposed of for the best interest of the child involved.

This action was filed by appellant herein, the mother of the child, Mrs. Pat Milim, joined by her present husband, Tommy Milim, against appellee herein, G. Mayfield, the father of the child, and former husband of Mrs. Pat Milim, seeking for herself the full custody and control of the child, a girl, whose name is Mona Kay Mayfield, age 11 years.

The parents of the child were divorced by a decree entered on September 21, 1953, in the district court of Briscoe County, Texas, with the full custody of the child then awarded to its mother, with such decree giving the father the right of reasonable visitation. Thereafter, the father, G. Mayfield, filed suit in the district court of Briscoe County seeking full custody of the child. On May 20, 1954, a hearing was held as a result of which a decree was entered modifying the former award and awarding the custody of the child to its mother during the nine school months of the year and to the father the three summer months of the year, to which judgment the parties agreed. The arrangement there made did not prove satisfactory to either the child or her mother.

On October 14, 1954, appellant herein, the child's mother, filed suit in the district court of Swisher County, Texas, seeking a modification of the last previous order and there asking for the full custody of the child with reasonable visitation of the child allowed to its father. Appellant there alleged in effect and here claims that conditions had changed since the last award and that the child was unhappy and dissatisfied while in the custody of its father. The child's father subsequently married again on June 28, 1954, and his then wife had a child two and one-half years old by a former marriage. Appellant further alleged and claims that during the time the child was with its father he committed and permitted to be committed acts of mental cruelty upon his said child, Mona Kay, and such acts were detrimental to the welfare and happiness of the said child; that during such period of time the child's father neglected the personal hygiene and health of the said child; that the father neglected the parental care, love and affection of the said child.

On March 7, 1955, a hearing on the action was tried to a jury upon two issues submitted without objections. The jury found that the child should be awarded to its mother with the father to have it in his home for visitation purposes during the months of June, July and August of each year, which in effect amounts to a divided custody of the child. However, it may be observed that the jury wrote in its ver-

dict concerning visitation periods, suggesting one visit by each party once each month. The trial court entered judgment in accordance with the jury verdict, dividing the custody of the child between its parents and allowing visitation of the child by the parent who did not have custody at the time visitation was desired. From the judgment entered the mother appealed and seeks full custody and control of the child based upon her pleadings and the evidence heard.

The controlling issue to be here determined is the question of divided custody of the child between its divorced parents. Courts have consistently held that the best interest of the child is the paramount question to be determined in such a case and not what may be most pleasing to either parent. It has likewise been uniformly held that everything else being equal between the parents, the custody of a child of tender years, and especially a girl, should be awarded to its mother if she be a proper person to have it. In the case at bar, the record reveals that the mother has been found to be a fit and proper person to have custody of her child in each of the three judicial hearings conducted. In fact, she was given full custody of the child at the first hearing conducted. It has been generally held that divided custody of a child of tender years between its divorced parents should not be permitted except under special conditions in which there is no reasonable alternative and it is made essential if not absolutely necessary. This court so held recently in the cases of Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347; Bronner v. Bronner, Tex.Civ.App., 278 S. W.2d 530; Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409. In these three cited cases this court laid down the well-recognized rules of law fully governing a situation such as we have presented here and cited ample authorities in support thereof. In the Tedder-Bloyd case, as well as in the Anderson-Martin case, we held that a division of two months for one parent and 10 months for the other was improper. In the Bronner case, we held that an equal division of the custody between divorced par-

ents was improper. We likewise held that jury findings attempting to divide the custody of a child between its divorced parents are not binding.

In the case of Martin v. Martin, Tex.Civ. App., 132 S.W.2d 426, 428, opinion by Justice Alexander, who was later Chief Justice of the Texas Supreme Court until his death, said in part:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions. 19 C.J. p. 344, sec. 797, and authorities cited in Note 27; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241."

The logical reasoning there presented fully applies to the issue here presented.

The record reveals that the last previous award of the child prior to the hearing of this matter by the trial court was made on May 20, 1954. Thereafter, on June 28, 1954, appellee, the child's father, married his present wife who had a little

girl by a former marriage, then two years old, who was brought into the home. This subsequent marriage of this child's father and the bringing into the home of a new wife with a small daughter alone constitute material changes brought about by the father since the last award was made and such has been so held in other such cases. However, other material changes have been shown by the evidence. The record reveals that the child, who was 11 years old and in the 5th grade at school, testified that she spent a large part of the summer of 1954 with her father, his present wife and her small daughter, during which time she was very unhappy and wanted to be with her mother. In our opinion the child gave very good reasons in her own way for making such a choice. The child's father gave her money and bought her clothes, toys and a doll, but such were sometimes given to her conditionally under such terms that were difficult for her childish mind to understand. During her stay with her father that summer some of his relatives made what the child deemed unkind remarks to her about her mother and the separation of her mother and her father. Apparently Mona Kay became emotionally upset which resulted in illness of such a nature that caused her father to take the child home to her mother. The evidence reveals that the child's father went to the school room to visit the child and such a visit disturbed the child emotionally. The evidence further reveals that whatever ill feeling, if any, the child may have had toward her father resulted from her experiences in his home during the summer of 1954 while she was in his custody and under his control and not while she was in her mother's custody. It is readily apparent, however, that the father's association with the child and his discipline of her have aroused serious emotional conflicts in her mind which should not be further aggravated. No attempt has been made to show any good reason why the custody of the child should be divided between its parents. In the language of Justice Alexander, this child should not be further "hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year." In the case of Bronner v. Bronner, supra, this court held that a former award of a child's custody should be changed if conditions have changed to such an extent that the welfare of the child demands a change of custody, and such is a well-recognized rule of law. In our opinion, the record before us conclusively reveals that there have been such material changes in conditions since the last award of the child was made on May 20, 1954, as to demand that such judgment of award then made be modified for the best interest of the child and that her full custody and control be awarded to her mother, Mrs. Pat Milim, with her father, G. Mayfield, given the right of reasonable visitation with the child.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered awarding the full custody and control of the child, Mona Kay Mayfield, to her mother, Mrs. Pat Milim, with her father, G. Mayfield, given reasonable visitation rights with the child. Reversed and rendered.

NORTHCUTT, Justice.

I respectfully dissent from the majority opinion herein. This is an action brought by Pat Milim joined by her husband, Tommy Milim, against G. Mayfield seeking modification of a prior judgment. Pat Milim and G. Mayfield were formerly man and wife and to this marriage was born one child by the name of Mona Kay Mayfield, the child here in question. Tommy Milim had been working for Mr. and Mrs. Mayfield for about nine months when, on Monday August 10, 1953, Mr. Mayfield discharged Milim and paid him what he owed him. There is some dispute as to the actions of Mrs. Mayfield at the time Milim was discharged but, on the following Wednesday, G. Mayfield filed a suit for divorce in Cause No. 1445 in the District Court of Briscoe County, Texas. A divorce judgment was entered on September 21, 1953 and Pat Mayfield and Tommy Milim were married on October 10, 1953. According to the undisputed record in this case, at

the time Mr. and Mrs. Milim were married, he was thirty years of age and she was forty-three although she gave her age, when securing the marriage license, as thirty-five years of age. When the original divorce was granted, this appellant was granted custody of Mona Kay. Appellee testified he was to have the right to visit Mona Kay and she was to visit him at reasonable times and we think, under this record, it is shown that he has tried to let each parent visit the child as parents should. Thereafter, trouble arose between Pat Milim and G. Mayfield over the visitation as to Mona Kay, and G. Mayfield filed suit in Cause No. 2773 in the District Court of Swisher County, Texas as to the custody of Mona Kay. On May 20, 1954, an agreed judgment was entered changing the custody of said child and giving G. Mayfield custody during June, July and August of each year and Pat Milim the other nine months of the year and allowing each of them certain visitation rights during the period of time the child was in the custody of the other. This last mentioned judgment became final and no appeal was taken therefrom.

On October 14, 1954, appellant brought this action in Cause No. 2826 in the District Court of Swisher County, Texas to modify the judgment entered on May 20, 1954 in Cause No. 2773 asking that she be granted the full care, custody and control of Mona Kay. Appellee answered seeking full care, custody and control of Mona Kay. Appellant contended that conditions had changed and that Mona Kay was unhappy and dissatisfied while in the custody of appellee; that appellee had committed and allowed to be committed acts of mental cruelty and acts detrimental to the happiness and welfare of the child; that appellee neglected the personal hygiene and health of the child; and that appellee neglected the parental care, love and affection needed by a child during the time and periods when the child was with the appellee. The main contentions urged by appellee are that appellant refuses to let him visit with said child as provided for in the judgment dated May 20, 1954 and that appellant

continues to poison the mind of Mona Kay and creates in her mind an aversion and a dislike for appellee. The case was tried to a jury in an advisory capacity. Two questions were asked the jury. The first question was:

"Which one of the parents do you recommend should be awarded the custody of the child, Mona Kay Mayfield, subject to right of reasonable visitation to be fixed by the Court?"

The jury answered "Mrs. Pat Milim." The second question asked the jury was:

"Do you find and recommend that the Court should permit G. Mayfield to have his daughter in his home for visitation purposes during the three summer months of June, July and August each year with periodic visitation during that time with her mother, all as provided in the agreed judgment of May 20, 1954?"

The jury answered "Yes" and the jury added:

"We suggest visitation once each month only by either side."

The court entered judgment as found and recommended by the jury and appellant has perfected this appeal from said judgment. Appellant presented her appeal upon two points of error as follows:

### "Point One

"The court, having found that appellant, Pat Milim, is a fit and proper person to have the care, custody and control of the minor child, and having granted custody of the child to appellant, erred in ordering that the child visit in the home of appellee over the week end each month and for three months each year, such action being in effect the granting of divided custody of said minor child.

### "Point Two

"The court, having found that appellant Milim is a fit and proper person to have the care, custody and control of the minor child, and having

granted custody of said child to appellant erred in not permitting said child to reside in the home of appellant for all of each year, with right of reasonable visitation by appellee."

It will be noticed that not a single question was asked the jury as to the truthfulness of the changed conditions pleaded by the parties as to why the judgment dated May 20, 1954 should be modified. No objections were made to the charge of the court and neither were there any special issues requested by either of the parties. Under the findings of the jury and the judgment entered by the court, it was found that appellant should have Mona Kay for the three summer months as provided for in the former judgment and, in effect, was the same as finding the things as alleged as to the changed conditions were not true. We are familiar with the fact that split custody is not generally approved by the courts and we are also familiar with the rule that the welfare of the child is the paramount consideration in any case and agree with the authorities cited in the majority opinion but do not think they are in point here. The purpose of a final judgment in custody cases would be of no effect if it could be changed at the whim of one of the parents without showing a changed condition. On questions of fact, where the jury and the trial court have found certain things to be true, and that finding is based upon sufficient evidence, the appellate court cannot substitute its opinion and findings contrary thereto. It is to be regretted that the welfare of the child was not considered as much prior to August 10, 1953 as it would seem to be at this time. From the undisputed record in this case, it would seem that the allegations of appellee to the effect that appellant is poisoning the mind of the child in question against the appellee might be correct; but since the jury and the trial court have found and held in effect that there have been no change of conditions since the judgment entered on May 20, 1954, and that based upon sufficient evidence, we think it is binding on this Court. Appellant's attitude is clearly shown when she was asked the question:

"And you don't propose for the child to share in contact and relationship and affection and associate with her father, do you, you just don't propose for that to happen, do you?"

Her answer was:

"No, I don't think I will. I don't think I will."

Meaning she will not even in the future let the father associate with his own child —we cannot help but to condemn such an attitude. It is just not in the heart of a child, who has always loved its father and whose father has always been good to it, to say she never wants to see or talk to her father again and that she loves a man thirteen years younger than her own mother, whom her mother married, unless there is some pressure brought upon that child. The judgment dated May 20, 1954 was a final judgment and was res adjudicata as to the best interests of the child and should not be modified except upon a showing of changed conditions since the judgment requiring, in the best interests of such child, that the custody be changed. We think there is ample proof to substantiate the findings of the jury and the trial court in holding, as it did hold, there was no change of conditions requiring the change of custody. The jury and the trial judge saw the parties personally and heard them testify, they were better able to know and understand than we can from a printed record. Under this record, we cannot say the trial court abused its discretion in holding that conditions had not changed so as to justify the court in ordering change of custody from the father to the mother. Bryant v. Birdsong, Tex.Civ.App., 277 S.W.2d 922.

In the case of Pearson v. Pearson, Tex. Civ.App., 195 S.W.2d 188, 193, writ refused, N.R.E., it is said:

"In the case at bar the trial judge undertook to modify the judgment of 1942 as to the custody of the children. This action could be based only on changed conditions arising since February, 1944, because on that date the

custody of these children had again been adjudicated. The trial judge did not find any changed conditions and when the matter was called to his attention in a specially requested finding he persisted in not so finding. Apparently the trial judge was of the opinion that he had to determine but one issue, that of the best interests of the minor children. It is true that in modifying a custody judgment the trial court should be governed by what will be to the best interest and welfare of the minor children, but it is equally true that such modification must be based upon changed conditions. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St. Rep. 928; Greenlaw v. Dilworth, Tex.Com.App., 299 S.W. 875; Keith v. Keith, Tex.Civ.App., 286 S.W. 534; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564; Kesler v. McGuire, Tex. Civ.App., 109 S.W.2d 1115; Futch v. Futch, Tex.Civ.App., 299 S.W. 289.

"Frequent hearings as to the custody of minor children of divorced parents should be frowned upon by courts and are not to be encouraged. A judgment as to such custody is res judicata as to the best interests of the children and such judgment should not be modified except upon a showing of changed conditions since the judgment, requiring, in the best interests of such children, that the custody be changed. The burden of proof is upon the party seeking such change to allege, offer proof and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody."

Although we think, from this record, the whole trouble as to custody and visitation as to this child is brought about because of the attitude of appellant, we are not in position to disturb the judgment of the trial court. The burden was upon the appellant to prove such changed conditions requiring the change of custody, and *also secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication·as to require a change of custody.* This the appellant did not do but the trier of facts here in effect held directly to the contrary and such findings are binding upon this Court.

We are of the opinion this case should be affirmed.