**A. M. BARTLETT, Appellant,**

v.

**Gladys BARTLETT, Appellee.**

**No. 6615.**

Court of Civil Appeals of Texas.

Amarillo.

June 18, 1956.

Rehearing Denied Sept. 5, 1956.

A. W. Salyars, Lubbock, Stephen L. Haley, Seminole, for appellant.

G. V. Pardue, Lubbock, for appellee.

PITTS, Chief Justice.

This is an appeal from an award made in a child custody case as a result of alleged changed conditions since a former award of its custody had been made. The record reveals that appellant, A. M. Bartlett, and appellee, Gladys Bartlett, were first married in 1940 and thereafter were divorced in 1943. They married again in 1945. During the second marriage a daughter, Vicky Lynn Bartlett, was born to them on March 20, 1947. In April of 1951 the parents separated again and were divorced again on August 31, 1951, by a decree of the court entered in Gaines County, Texas, from which decree no appeal was perfected. In that decree of the court the custody of the said child was given to its mother during the school months of each year and to its father during the summer months of June, July and August of each year. Such order of divided custody of the child was observed by its parents until the breach between the parties broadened into further litigation when this action was filed by appellee in May of 1955, seeking full custody of the child. Appellee alleged that there existed material changed conditions since the last award was made of the child and that appellant had not discharged his legal responsibilities in providing support of the child while appellee had custody of it. Appellant answered by joining issues with appellee but sought to have her alleged cause of action dismissed.

On December 5, 1955, after appellee had amended her pleadings, a hearing was had

before the court without a jury as a result of which the trial court found that appellee had shown a change of conditions such as affected the life of the child, for which reason its full custody and control was awarded to appellee, the child's mother, who was found to be a fit and proper person to have such, and reasonable visiting privileges of the child were given to appellant, the child's father, with a specific provision therein contained to the effect that he not take the child out of Lubbock County, Texas, and not beyond the jurisdiction of the court. The trial court likewise awarded judgment to appellee and against appellant for delinquent child support in the sum of $500 about which sum awarded for delinquent child support appellant makes no complaint in this court.

Upon appeal, however, from the judgment rendered appellant does challenge the award of full custody and control of the child to appellee by the trial court, claiming that the former judgment of award was res adjudicata as to any subsequent award and as to appellant's rights and fitness to have custody of the child during the summer months of each year and further claiming that a subsequent change of conditions since the previous award was made had not been shown. Appellee joins issues with appellant's contentions by presenting two counter points, contending in effect that the rule of res adjudicata does not here apply and that the evidence reveals a material change of conditions exist since the last award was made and that such a showing supports the trial court's judgment.

■ It is a well settled rule that the finality of a judgment such as was previously rendered by the district court in Gaines County, Texas, divorcing these party litigants and there awarding a divided custody of the child obtained so long as the circumstances and conditions remain the same. However, such a rule does not bar a subsequent proceeding to modify or change a former award of custody provided conditions have changed so material-

ly since such decree was entered by the Gaines County court as would warrant another adjudication changing the child's custody. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Sawyer v. Bezner, Tex. Civ.App., 204 S.W.2d 19.

■ The trial court found from the evidence heard that subsequent to the former award of the child by the Gaines County court as of date August 31, 1951, changed conditions had been satisfactorily shown and that such affected the life of the child so as to warrant a modification of the former order and gave full custody and control of the child, Vicky Lynn Bartlett, to appellee, Mrs. Gladys Bartlett, its mother. The controlling question, therefore, to be here determined is whether or not the trial court has abused its discretion in modifying and changing the former award of custody made by the district court of Gaines County on August 31, 1951. Under the authorities herein cited its judgment must be construed fairly in an effort to harmonize it with the facts and the law, and we must give credence only to the evidence and circumstances favorable to its findings and disregard all evidence and circumstances to the contrary.

An examination of the testimony presented reveals without objections that prior to the last award and while he was operating a Dr. Pepper Bottling Company, appellant was convicted and sentenced to a Federal institution from January, 1947 to July, 1949, for some sort of an OPA violation. He testified that after serving that term, he was paroled for a time. In any event, such may or may not be reprehensible. However, he paid the penalty and from the penalty assessed, it must not have been a trivial violation. That unhappy experience of appellant must have influenced his life and may have some bearing on his life later. Such may have helped to cause his failure later to discharge his responsibilities of child support since the former Gaines County custody award was made. Such failure was not always due to lack of funds.

The evidence shows he was a good worker and according to his own testimony he had the money. Such unhappy experience probably contributed negatively or positively to his other conduct which helped to broaden the breach between himself and the child's mother. The record reveals that aside from his failure to provide child support, he has not always kept faith otherwise with either the child or its mother. There is evidence revealing that on a recent occasion prior to the trial of this suit, with the permission of the trial court, the child was visiting with its father in Hobbs, New Mexico, at a time when it, by previous agreement of the parties, was supposed to be returned to Lubbock to attend an outing in the park of a meeting of a branch of the Campfire Girls, known as the Bluebird organization to which she belonged and for which outing its mother had already paid and helped to plan for her. On the failure of the child to return for the outing the mother sought to call her by telephone to ascertain the reason for her failure to return, at which time the father prohibited the child from talking to its mother about such a matter until she called the police at Hobbs, who intervened, after which the child did talk to its mother. However, there is evidence to the effect that the father intervened, became angry and an unpleasant telephone conversation resulted between him and appellee. He later returned the child to Lubbock but not in time for her to attend the outing of the Bluebirds in the park. That experience, together with other such conduct of appellant, broadened the breach between the parents to the detriment of the child and the trial court was justified in so finding and concluding. Appellee testified that since the last award was made, appellant took the child away from her premises and kept it three days without her knowing where it was. It is our opinion that the evidence, when generally and fully reviewed in a light most favorable to the judgment rendered, supports the trial court's findings of changed conditions such as were material and affected the child's life. The evidence conclusively reveals and it is admitted that since the former award of the child was made in Gaines County, Texas, appellant has married again and has moved to another state and lives in Hobbs, New Mexico, and was planning to take the child to that State to live there with him for whatever time it may be awarded to him. It has been held and this Court has so held that the subsequent marriage of a divorced parent to another and the moving of such parent to another state beyond the jurisdiction of the Texas courts since a former award was made in a child custody case with plans admittedly made to take the said child to the said other state for whatever time it may be awarded to the said parent is a sufficient showing alone of changed conditions such as will support a trial court's findings to such effect in support of a subsequent order changing the child's custody. Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238; Kelly v. Applewhite, Tex.Civ.App., 231 S.W.2d 974; Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Milim v. Mayfield, Tex.Civ. App., 285 S.W.2d 852.

The child's best interest is the paramount issue in a case such as this. The interests of the parents and others are wholly secondary when such conflict with the best interest of the child whose life and privileges must be zealously safeguarded by the courts when such are being litigated. Usually, the child suffers eventually more than any of the litigants when its best interests are embroiled in litigation by those who love it most. The custody of a minor child in a case such as this is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Kelly v. Applewhite, Tex. Civ.App., 231 S.W.2d 974; Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368; Thompson v. Haney, Tex.Civ.App., 191 S. W.2d 491; Hall v. Dodson, Tex.Civ.App., 278 S.W.2d 558; Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229; Conley v. Conley, Tex.Civ.App., 229 S.W.2d 926. Un-

der authorities cited, pleadings and technical rules of procedure are usually of little importance and are not controlling in a child custody case.

It has likewise been uniformly held that, everything else being equal between the parents, the custody of a child of tender years and especially a girl, should be awarded to its mother if she be found a fit and proper person to have it as was found to be true by the trial court in the case at bar. It has also been generally held that divided custody of a child of tender years between its divorced parents should not be permitted except under special conditions in which there is no reasonable alternative and it is made essential if not necessary. Anderson v. Martin, Tex.Civ. App., 257 S.W.2d 347; Bronner v. Bronner, Tex.Civ.App., 278 S.W.2d 530; Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Martin v. Martin, Tex.Civ. App., 132 S.W.2d 426, 428. The rule controlling such cases is well stated by Chief Justice Alexander of the Waco Court of Civil Appeals in the case of Martin v. Martin, supra, which case has been cited and relied upon by both parties in this suit. Justice Alexander there said in part:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions. 19 C.J. p. 344, sec. 797, and authorities cited in Note 27; Swift v. Swift, Tex.Civ.App., 37 S.W. 2d 241."

In our opinion, the reasoning there presented by Chief Justice Alexander will apply to the facts presented in the case at bar. All of the parties in this case attended the trial court and there testified, including the little girl. All parties, including the child, attended the hearing held in this Court and heard the oral argument of counsel. Both parties examined the child as a witness before the trial court. She there testified in part that she loved both of her parents but loved her mother most and wanted to live all of the time with her mother and gave her own childish reasons for her choice. She also said her father would not let her talk with her mother by telephone collect while she was with him in Hobbs and that she did not want to live with him in Hobbs but would be glad to have him visit with her in Lubbock. The child's testimony is not binding but it may be considered along with other testimony given. It clearly appears that the child realizes she is the center of a parental quarrel and that such arouses serious emotional conflicts in her mind. The sooner she ceases to be "hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year" the better it will be for her.

By his brief and argument, appellant has raised other questions not supported by the record before us. We must consider matters only that are reflected by the record.

For the reasons stated and under the authorities cited, it is our opinion that the trial court did not abuse its discretion in awarding a full time control and custody of the child to its mother. Neither has it been shown that there exists any special or good reason for dividing the custody of the child here involved between its parents. Appellant's points of error are therefore overruled and the judgment of the trial court is affirmed.

MARTIN, Justice (dissenting).

This dissent is based on the opinion that there is no evidence in this record showing any change of conditions of such nature as to authorize setting aside the original judgment dividing custody of the child of appellant and appellee and that appellant's points two, three and four should have been sustained as a matter of law.

The court is only authorized to change the custody of the minor child from the manner in which such custody was decreed in the prior final judgment under the following rule: "* * * the evidence must show that since the original decree conditions have so changed that it can reasonably be said that it would be injurious to the welfare of the minors to leave their custody as originally adjudicated." Amend v. Amend, Tex.Civ.App., 268 S.W.2d 206, 210 [1] and cases there cited. In this cause of action, appellee must predicate her right to a change of custody upon the alleged elements of changed conditions as discussed in paragraph six of the majority opinion. Since the judgment on appeal awarding appellee full custody of the minor child must be based solely upon such alleged elements of changed conditions, the same will be briefly discussed herein.

First, appellee could not have regarded the OPA violation as material as she filed no pleading as to the OPA violation discussed in paragraph six of the majority opinion. Further, the undisputed evidence reveals that such alleged violation and punishment thereof occurred long prior to the rendition of the original judgment dividing custody of the child between the parties and even prior to the birth of the child. Such OPA violation occurred in 1947 and clearly was not admissible in a suit as to custody alleging that conditions as to custody had changed since the rendition of the original decree in August, 1951. With reference to this element as discussed in the majority opinion there is no evidence in the record that the violation of the OPA regulation or any penalty thereunder "* * * must have influenced his [appellant's] life and may have had some bearing on his life later." Nor is there any evidence that "Such may have helped to cause his failure later to discharge his responsibilities of child support * * *" which alleged failure is also not revealed by the record. Nor is there any evidence that such conviction "probably contributed negatively or positively to his other conduct [what "his other conduct" may have been is also not revealed by the record] which helped to broaden the breach between him and the child's mother." In fact, the positive evidence of the appellee herself on this very subject reveals without dispute the following testimony: "Q. But, as far as his moral fitness is concerned to have the child around him, you know it does not have a thing to do with it at this time, does it? A. No." This OPA violation was injected by appellee solely for the purpose of prejudice and has no legal bearing on the issue of change of custody.

The next element presented by appellee and incorporated in the majority opinion is that the child was permitted to visit her father at a time when she was supposed to return to Lubbock to attend an outing with the Campfire Girls. It is further stated in the majority opinion that the father prohibited the child from talking to the mother about such matter until the mother called the police at Hobbs, New Mexico, who intervened. This minor incident could not have been grounds for changing custody at the time of the filing of appellee's suit as such suit was filed prior to the occurrence of this incident. Further, appellant had

been compelled by the trial court to post a bond in the cause as a condition to taking the child with him to New Mexico for a two week's visit. Appellee testified that appellant stated that he would bring the child back within three days. The appellant testified that no such agreement was made. Despite such testimony, pro and con, it is an undisputed fact that appellant was authorized by a valid court order to keep the custody of the child for a period of two weeks and had made bond for such custody as required by the court. Therefore, at the time appellee was placing telephone calls to Hobbs every few minutes seeking to compel appellant to return the child to her it is an undisputed fact that appellant held the custody of the child by an order of the trial court. The record reveals without dispute that this one immaterial incident occurred not only after appellee had filed her unwarranted suit for change of custody but also at a time when the appellant was holding custody of the child by order of the court and under a bond therefor.

One other minor incident as to custody was presented by the evidence of appellee but was not mentioned in the original draft of the majority opinion. Appellee testified that appellant took the child away on one occasion for three days and that appellee did not know where the child was located. Since this incident likewise was not important enough for appellee to plead the same and occurred approximately three years before the filing of appellee's suit for change of custody it is apparent that such element was originally correctly ignored by the majority opinion as a basis for change of custody.

The record reveals without dispute that although appellee was awarded the sum of $2,500 in cash at the time of the original decree as to divorce and custody and was thereafter employed in Lubbock, Texas, at a salary of $170 per month, she saw fit to leave the child with the appellant for more than eleven months, nine months of such period being during the time appellee was entitled to legal custody of the child. Further, there has been no friction and no evidence of changed conditions since the granting of the original decree as will warrant a change of custody in the subsequent judgment. For a period of several years appellant has had the custody of the child during the time such custody was awarded to him the original decree. Appellant has always returned the child to her mother when she was entitled to custody of the child. Appellee even testified that she did not believe the appellant would insist on the child's going with him if the child did not want to go. The record further reveals that during a period of several years prior to filing of appellee's suit, she had permitted the child to spend weekends with appellant in Hobbs, New Mexico. This custody was in addition to the summer vacation period of custody as decreed to appellant. The appellee also testified that she did not know of any reason why the home that appellant maintained was not suitable for a young girl and that there was not anything wrong with appellant's morals that would render him unfit to have the child around him.

An examination of the record merely reveals that appellant married another woman and that shortly thereafter appellee filed her suit for change of custody. The undisputed evidence reveals that the woman who married appellant was of good reputation and loved appellant's child and that she and the appellant maintained a proper home for the child during the three summer months when appellant was entitled to the child's custody under the original decree. Appellant's marriage to another woman and even changes in the home surroundings are not evidence of changed conditions affecting the welfare and best interest of the minor. Amend v. Amend, supra, Syl. 4. Nor is the sole fact that appellant resided in the state of New Mexico a sufficient basis to predicate a change of custody under the record in this case.

It is elementary that no authority exists in this court at this date to set aside, either directly or indirectly, the original decree as to custody as rendered on August 31, 1951,

and from which there was no appeal to this court. The correctness of the original trial court's judgment in dividing custody of the child is of no concern to this court in the present appeal. However, the soundness of the original trial court's judgment dividing custody of the child has been fully attested by the fact that the status between all parties affected by the judgment has been entirely satisfactory to the date of the filing of appellee's petition seeking a change in such original judgment as to custody and even as to the trial thereof.

There being no evidence of any change of conditions since the original decree was entered dividing custody of the minor child between the appellant and appellee, appellant's points two, three and four should be sustained. The judgment of the trial court should be reversed and judgment rendered that appellee take nothing by her suit for change of custody.