Donald **CHERRY**, Appellant,

v.

Leatha **CHERRY**, Appellee.

No. 14387.

Court of Civil Appeals of Texas.

Houston.

Dec. 3, 1964.

John P. Spiller, Houston, for appellant.

James J. Shown, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the judgment entered in a divorce suit. No complaint is made of that portion of the decree awarding a divorce to appellant.

It is appellant's contention that the trial court abused its discretion by awarding custody of the minor children of the parties to appellee, "subject to the right of cross-plaintiff (appellant) to have said children with him and in his home each week from Friday afternoon after 5:00 p. m. until 7:00 p. m. Sunday evening," because (1) the preponderance of the evidence shows appellee to be morally unfit and mentally unstable, and (2) the effect of the order is to divide the custody of the children between the parents.

The case was tried to the court without a jury and no findings of fact were requested or filed. The parties were parents of three children, a girl nine years of age, and boys five and three years of age. The trial court is properly vested with broad discretion in determining where the custody of minor children should be placed, and in exercising this discretion his principal objective is to promote the welfare and best interests of the children. Vol. 20, Tex.Jur.2d, Divorce and Separation, § 312 et seq. Nothing would be added to the jurisprudence of this State by summarizing the testimony, but from our study of the record as a whole we are unable to say that the trial court abused his discretion in awarding custody of these children to their mother. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Rousseau v. Rousseau, Tex.Civ.App., 268 S.W.2d 556; Moore v. Moore, Tex.Civ.App., 213 S.W. 949; Redwine v. Redwine, Tex.Civ.App., 198 S.W.2d 472.

In numerous cases the courts have condemned dividing the custody of children between the parents as being contrary to the best interests of the children. Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409; Bronner v. Bronner, Tex.Civ.App., 278 S. W.2d 530. However, where one parent is granted custody, the other parent, except in unusual circumstances, is granted visitation rights. It has been suggested that

ordinarily when a divorce is granted the custody of children of tender years should be granted to the mother, if she be a fit and proper person, who should have full authority, subject to the court's order, over the children and "who should be held responsible for their best interest, with suitable visiting privileges allowed at reasonable times for others." Bronner v. Bronner, Tex.Civ.App., 267 S.W.2d 577.

■ There are decisions to the effect that reasonable access by a parent to his children is a right given by law and exists even though not specifically granted by the divorce decree. Hays v. Hays, Tex.Civ. App., 123 S.W.2d 968; Dickinson v. Dickinson, Tex.Civ.App., 173 S.W.2d 549; Bantuelle v. Bantuelle, Tex.Civ.App., 195 S.W. 2d 686. Ordinarily a parent has a right to see his child at all reasonable times and in a reasonable manner. Hays v. Hays, Tex.Civ.App., 123 S.W.2d 968; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483.

■ The practice of defining visitation rights in the decree is to be commended since it reduces a possible cause of conflict between the parents after divorce. Appellant is not complaining that his right of visitation is unduly restricted. General custody was clearly granted to appellee.

■ Appellant is not required to take and support the children during the visitation times permitted. We are not disposed to hold as a matter of law that liberal visitation periods constitute divided custody, nor do we hold that under no circumstances can a trial court divide the custody of children between their parents. In making the order in question the trial court did not abuse his discretion.

■ Appellant complains of that portion of the decree requiring all of the community property, including real property, to be sold and the proceeds placed in a trust fund for the use and benefit of the minor children. It has been held that such a provision violates the statute providing that neither party to a divorce action can be compelled to divest himself of title to realty. Mayo v. Mayo, Tex.Civ.App., 268 S.W.2d 495; Phillips v. Phillips, Tex.Civ. App., 203 S.W. 77. In this case, however, this provision of the judgment was suggested by appellant and agreed to by appellee. A supplement to the statement of facts in narrative form, approved by the trial court after counsel for appellant refused to approve it, reflects that this suggestion was made to the court in chambers in the presence of all parties, their attorneys, and the court, and that judgment was entered by the court pursuant to this suggestion and agreement. Appellant is estopped to complain of this provision of the judgment. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Overton v. Ragland, Tex.Civ.App., 54 S.W. 2d 240, err. dism.; Whitehead v. Traders & General Ins. Co., Tex.Civ.App., 128 S. W.2d 429.

The judgment is affirmed.