**Diedre R. KELLY and Frederick B. Kelly, Appellants,**

v.

**James CUNNINGHAM, M.D. and MacGregor Medical Associates, Appellees.**

**No. 01–92–00800–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1993.

Robert B. Peltier, Houston, for appellants.

Sherie Potts Beckman, Dina L. Lallo, Vinson & Elkins, L.L.P., Houston, for appellees.

Before COHEN, PRICE [1] and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

In May 1988, the appellants, Diedre and Frederick Kelly (the Kellys) sued the appel-

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

lees for medical malpractice. The trial court dismissed the suit for want of prosecution in April 1992, and later denied the Kellys' motion to reinstate. We affirm.

The Kellys bring one point of error, complaining that the trial court erred in not conducting an oral hearing on their timely filed, properly verified, motion to reinstate. The Kellys argue that TEX.R.CIV.P. 165a requires an oral hearing on any timely filed motion to reinstate. The rule requires that, "The clerk shall deliver a copy of the motion to the judge who shall set a hearing on the motion as soon as practicable," and that the court "shall notify all parties or their attorneys of record of the date, time and place of the hearing." TEX.R.CIV.P. 165a(3).

■ The Texas Supreme Court has made it clear that when a party requests an oral hearing on a timely filed, properly verified, motion to reinstate, it is an abuse of discretion for the trial court to refuse to hold an oral hearing. *Thordson v. City of Houston*, 815 S.W.2d 550 (Tex.1991); *Gulf Coast Inv. Corp. v. NASA I Business Center*, 754 S.W.2d 152, 153 (Tex.1988). At least one intermediate appellate court has held that even if the movant does not bring the motion to reinstate to the judge's attention for a ruling, the movant is still entitled to an oral hearing because rule 165a "now clearly places the burden upon the clerk to deliver the motion to the judge who shall set a hearing." *Bush v. Ward*, 747 S.W.2d 43, 45 (Tex.App.—Beaumont 1988, no writ).[2]

■ In the present case, the Kellys' trial counsel did not request an oral hearing, but instead set the motion to reinstate on the trial court's submission docket. Page four of the Kellys' motion to reinstate is a "Notice of Submission" stating, "Please take notice that plaintiff's motion to reinstate will be presented to the court for ruling on the 11th day of May, 1992, without the necessity of an oral hearing unless demand

for one is made by you." This case is therefore distinguishable from *Thordson* and *Gulf Coast Investment Corp.*, where the appellants each properly *requested an oral hearing* on their respective motions to reinstate. This case is also distinguishable from *Bush*, where the appellant apparently failed to request consideration of the motion to reinstate by *either* oral hearing *or* written submission.

■ A party may not lead a trial court into error and then complain about it on appeal. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 835 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *Saper v. Rodgers*, 418 S.W.2d 874, 877 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The Kellys' request that the trial court rule on their motion to reinstate without conducting an oral hearing estops them from raising the complaint set out in their sole point of error. *See Northeast Texas Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex.1942) (litigant asking something of a court is estopped to complain that the court erred in giving it to him); *see also Cherry v. Cherry*, 384 S.W.2d 912, 914 (Tex.Civ. App.—Houston [1st Dist.] 1964, no writ) (appellant estopped to complain of portion of divorce decree he suggested and court incorporated pursuant to parties' agreement).

Under the circumstances of the present case, the trial court did not err when it did not conduct an oral hearing on the Kellys' motion to reinstate. We overrule the Kellys' sole point of error.

We affirm the judgment.

---

2. The 14th Court of Appeals specifically declined to follow this holding in *Bush*, in *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Because the facts of the present case are distinguishable from those in both *Bush* and *Cabrera*, we express no opinion about which of the cases correctly disposed of that issue.