**ROSAS v. VALDEZ et ux.   (No. 7486.)***

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1926. Rehearing Denied Feb. 24, 1926.)

**Parent and child ⬳2(3)—Maternal grandparents who cared for child from birth held entitled to its custody against its father; interest of child being paramount.**

Parents of deceased mother of four year old boy, who had cared for him since birth, *held* entitled to retain his custody as against his father; interest of child being paramount to any natural right of father.

Appeal from District Court, Wilson County; C. C. Thomas, Judge.

Habeas corpus by Raul Rosas, by his next friend and father, against Crecencio Valdez and Alejandra San Miguel de Valdez, his wife, to determine custody of said Raul Rosas. From a judgment awarding his custody to respondents, petitioner appealed. Affirmed.

J. H. Ragsdale and C. L. McGill, both of San Antonio, for appellant.

Bat Carrigan and Chambers & Johnson, all of San Antonio, for appellees.

FLY, C. J. David Rosas, as next friend for his minor son, Raul Rosas, applied for a writ of habeas corpus as against the appel-

---

lees Crecencio Valdez and Alejandra San Miguel de Valdez, his wife, alleging that the infant son of relator, the appellant herein, who was about two years and three months of age, was illegally restrained of his liberty by appellees, and prayed that the writ of habeas corpus be issued, and appellees be directed and commanded to produce said Raul Rosas before the court, and the custody of said child be awarded to his father, the said David Rosas. The writ was issued, the child produced, and a trial held, and the custody of the child awarded to appellees. From that judgment this appeal is being prosecuted.

Appellees are the parents of the deceased mother of the infant, who died at the home of her parents in June, 1923, when the child, who was born on August 18, 1921, was not two years of age. The child was about four years of age when this trial was held, and had been living with his grandparents for more than two years. They were shown to be kind to him, and had a rented farm of 80 acres of land, from the crops upon which they obtained a livelihood. They had seven children besides appellant in the family; three of them old enough to perform labor and earn a livelihood. David Rosas has contributed very little to the maintenance and support of the child, although he claims to be a merchant in San Antonio. The mother of the child died on June 27, 1923, and in the following December David Rosas married a third wife, by whom he has a child, an infant. She swore that she loved the child of her predecessor who had died, although she had never seen him, which stamped her assertion of affection with grave doubt.

The interest of the child is paramount to any natural right of the father to its custody. State ex rel. Rumsey v. Jackson (Tex. Civ. App.) 212 S. W. 718; Peese v. Gellerman, 110 S. W. 196, 51 Tex. Civ. App. 39; Schneider v. Schwabe (Tex. Civ. App.) 143 S. W. 265. As said by the Supreme Court in Legate v. Legate, 28 S. W. 281, 87 Tex. 248:

"Two homes are thus offered the child who is in no wise responsible for this unfortunate controversy, and has not sufficient discretion to select. We hold, as a matter of law, that it is entitled to the benefit of that home and environments which will probably best promote the interest of the infant."

The witnesses were before the trial court, and primarily the duty devolved upon the trial judge to pass upon the testimony and to confide the custody of the child to that person who would probably best conserve and protect the happiness and welfare of the child. On the one side was a father who for three or four years had neglected his child, and failed and refused to contribute to his support, and who had married again; on the other was the loving grandmother who had cared for the child from the time of his birth. The court gave the custody of the child to the grandmother rather than to the neglectful father and a stepmother. Without reflection on the stepmother, it must be apparent that she could have no affection for the offspring of a former wife she had never seen such as would be entertained by a grandmother. There was testimony to sustain the action of the lower court.

The judgment is affirmed.