916

Alpha & Brunson, of Houston, for appellant.

Walter T. Keith, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County (the Honorable Ben F. Wilson sitting as judge thereof), denying the petition of appellant, Jack Tavares, praying for a modification—as against the appellees, Margaret Ellamae Tavares and Mrs. M. E. Brittain—of a prior decree of the same court, as respects the custody of the minor child, Patsy Bernice Tavares, then 8 years old, whose custody and control by such former judgment—following its divorcement of the father and mother, both of whom were therein denied such custody—had been temporarily awarded to Mrs. M. E. Brittain, a maternal grandaunt and a foster-grandmother of the child.

Appellant alleged, in substance, as the changed conditions on which he sought modification "that it was not to the best interest of the child to remain with Mrs. Brittain, nor be in the custody of its mother, and that since the entry of the decree above, Appellant had re-married and established a home, and that Appellant loves his daughter, and was able and willing to assume full responsibility for her custody, care, control, and maintenance."

Both appellees, Margaret Ellamae Tavares (now Mrs. H. L. Wilkins, she also having remarried and bought a home during the interval between the two trials) and Mrs. Brittain, answered, praying, substantially in unison, that the custody of the little girl remain with Mrs. Brittain, but that, if changed, the mother be given its custody. In substance, they so mutually plead this: "That said child has been cared for and looked after in a Christianlike manner, and every interest for its welfare has been met with kindness and consideration by Mrs. M. E. Brittain; that the child is happy in her surroundings and environment, and both the father and mother of said child are permitted to see and be with her, and nothing has been done to prevent either parent from visiting with said child, and she, the said child, is happy, attends school regularly, and her health is in perfect condition; that Mrs. M. E. Brittain, owns her own home at 7214 Pecan Street in Houston, Texas, and lives with her stepson, deeply loves said

child, and is in a position to provide for her welfare."

At the close of appellant's testimony, offered as supporting his plea for a modification, the appellees having presented no controverting testimony thereto, the trial court entered its judgment, as indicated, on the 2nd day of July, 1947, so refusing to make the prayed-for change in its prior judgment of November 13, 1946, vesting the temporary custody of the child in the appellee, Mrs. Brittain.

In doing so, the court supported its action by the filing of findings of fact and conclusions of law, in material substance and effect, as follows:

"Findings of Fact:

" * * * a suit for divorce between said parties was tried in the 113th District Court * * * November 13, 1946; * * *

" * * * the prayer of Margaret Ellamae Tavares for the custody of said child was denied and the prayer of Jack Tavares 'for its custody was also denied. Said child was placed in the temporary care and custody of Mrs. M. E. Brittain, who is a meternal great-aunt of said minor child.

"Jack Tavares and Margaret Ellamae Tavares at the time of said divorce owned two houses. * * * Both properties were placed in the hands of a Receiver and sold, under order of the Court, and neither of said parties at said time owned a home, in which they could or did reside.

"Jack Tavares is the father of the child, and has since the entry of said divorce decree remarried and is now residing with his present wife in a home which they own at 5319 Barrett Street, Houston, Texas. Said house is large enough to permit a separate bed-room for the use of the minor child, and Jack Tavares and his wife are agreeable to the occupation of said room by said child.

"Jack Tavares and his present wife are persons of good moral character * * * are both * * * willing and financially able to assume the * * * custody * * * of said minor child. They * * * had been married only six weeks at the time of this hearing.

"Said child has remained in the custody of Mrs. M. E. Brittain since the entry of said divorce decree, with whom she had spent part of the time since her birth, and there is no evidence that said child is not receiving proper care and attention in its present environment.

"Conclusions of Law:

"1. No change in the conditions existing at the time of said divorce decree was entered, which would justify the removal of the custody of said child from Mrs. M. E. Brittain and the placing thereof with its father, Jack Tavares, has been shown to the Court.

"2. Jack Tavares, the father of said child, though of good character and reputation, and ready, willing, and financially able to assume the responsibility of the care and custody of his said minor child, is not entitled thereto against Mrs. M. E. Brittain, the maternal great-aunt of said child, in absence of proof that said child is not receiving proper care and attention from the said Mrs. M. E. Brittain."

Inveighing here against the action so adverse to him below, appellant presents 4 points-of-error, the controlling substance of them all being this:

"No. 1. The error of the trial Court in refusing to award Appellant the custody of his daughter upon the Court's finding that Appellant was of good character and reputation, and ready, willing, and financially able to assume the responsibility of the care and custody of his minor child.

"No. 2. The trial Court's error in holding that Appellant was not entitled to the custody of his daughter, as against Mrs. M. E. Brittain, a maternal great-aunt of the child, in the absence of proof that the child was not receiving proper care and attention from Mrs. M. E. Brittain.

"No. 3. The trial Court erred in holding that no change in conditions existing at the time the decree was entered on November 13, 1946, which would justify the award of the custody of Appellant's daughter to Appellant, had been shown.

"No. 4. The error of the trial Court in refusing to admit in evidence, the plaintiff's petition, defendant's answer, and the official transcript of the evidence in the divorce suit in which the decree of November 13, 1946, was entered."

None of these presentments, it is determined, should be sustained. In the first place, there was no error, as the last of them asserts, in excluding the proceedings in the former suit, for the simple reason that appellant had not appealed from that judgment; hence its determination had become res adjudicata against him, so he could not in this subsequent proceeding between the same parties and involving the same subject-matter open them up and get a different determination all over again at the later date in his new suit. Greenlaw et al. v. Dilworth, et al., Tex.Com.App., 299 S.W. 875, at page 881, par. (9)."

The real gist of his first 3 points, as was made additionally clear by the oral argument offered for him at the bar, is that, when he had shown himself to be of good character and willing and able financially also to assume the responsibility of his minor child's custody, he, as its father, was, as a matter-of-law, entitled to its custody, despite the fact that it might be receiving proper care and attention from its maternal great-aunt, Mrs. Brittain; further, that his showing that he had since the former adjudication so acquired a new home and a second wife; that he had thus shown such change in conditions between the two decrees as to take from the trial court any discretion to hold otherwise, and to require it, as a matter-of-law, to vest the custody thereof in himself. He supports that position with these authorities: State v. Deaton, 93 Tex. 243, 54 S.W. 901; DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Watts v. Lively, Tex.Civ.App., 60 S.W. 676; Cass v. Cass, Tex.Civ.App., 193 S.W. 2d 279; Trevino v. Trevino, Tex.Civ.App., 193 S.W.2d 254.

This Court is unable to take what—to it—is appellant's extreme view as to his right of custody over his child vel non, concluding rather than the trial court was correct in holding that no such change had been shown in the conditions existing at the time the custody had been so placed in Mrs. Brittain as required, or justified, disturbance.

Indeed, it seems plain that our courts have settled the contention appellant makes adversely thereto, in numbers of decisions to the same purport—that is, that the interest of the child in custody cases is paramount to any natural right of the father to its control. Among them, are these: Rosas v. Valdez et ux., Tex.Civ.App., 280 S.W. 294, 295; Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Miller v. Banks, Tex.Civ.App., 280 S.W. 301; Williams v. Perry, Tex.Civ. App., 40 S.W.2d 929; Taylor v. Taylor, Tex.Civ.App., 42 S.W.2d 455.

It will be noted that in at least two of these cited holdings, both the Texarkana and the Austin Courts of Civil Appeals expressly repudiate appellant's over-all contention that—in his situation and condition of being the child's father—he was entitled to its custody as a matter-of-law.

As this Court interprets it, that is likewise the holding of the Commission of Appeals in Davis v. Sears, 35 S.W.2d 99, 102.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.