**Alma Bloyd TEDDER, et vir, Appellants,**

v.

**J. E. BLOYD, Appellee.**

No. 6525.

Court of Civil Appeals of Texas. Amarillo.

Oct. 17, 1955.

Rehearing Denied Nov. 14, 1955.

Hood & Hood, Borger, for appellants.

Robert L. Sinclair, Amarillo, for appellee.

NORTHCUTT, Justice.

On April 3, 1954, J. E. Bloyd obtained a divorce from his wife, Alma Bloyd. At that time, the trial court awarded the full future care, custody and control of the minor child; Donald Evan Bloyd, who was then approximately eight years of age, to J. E. Bloyd with right of reasonable visitation reserved to Alma Bloyd. Donald Evan Bloyd was the adopted child of J. E. Bloyd and Alma Bloyd. Mrs. Lula Tedder secured a divorce from Grady Tedder. J. E. Bloyd married Mrs. Lula Tedder and Alma Bloyd married Grady Tedder; these two weddings taking place sometime between April 3, 1954 and July 29, 1954.

On July 29, 1954, the trial court heard the application of Alma Bloyd Tedder to modify the original divorce judgment with respect to visitation of the adopted child, Donald Evan Bloyd, and entered its judgment specifying that Alma Bloyd Tedder should have the privilege of receiving the child twice a month. The judgment does not show just what time she was to have the child but the court stated it was to begin on Friday, August 6, 1954 at 5:30 P.M. and she was to return the child the following Sunday afternoon and this was to continue each two weeks thereafter until otherwise changed by an order of that court.

On January 24, 1955, the trial court heard the application of Alma Bloyd Tedder to modify the divorce judgment entered on April 3, 1954 to the extent that she sought

custody of Donald Evan Bloyd and the court entered judgment on such application on February 22, 1955 again modifying said judgment to the extent that Alma Bloyd Tedder was given the custody of Donald Evan Bloyd for only two months of each year to-wit: from June 15 to August 15 beginning June 15, 1955 and for each year thereafter on said dates unless otherwise changed by a court of competent jurisdiction. On March 2, 1955, Alma Bloyd Tedder filed her motion for rehearing requesting the trial court to set aside the judgment entered on February 22, 1955 and to grant her exclusive care, custody and control of Donald Evan Bloyd. The trial court overruled said motion and, from this order, the appellant perfected this appeal. We refer to Mrs. Tedder only as appellant since she is the main interested party and was joined by her husband.

Appellant, Alma Bloyd Tedder, presents her appeal upon two assignments of error as follows:

"Points Upon Which The Appeal Is Predicated

"Point One

"The court erred in dividing the custody of the minor child, Donald Evan Bloyd, between its adopted father, J. E. Bloyd, and its adopted mother, Alma Bloyd Tedder.

"Point Two

"The court erred and abused its discretion in not awarding the custody of the minor child, Donald Evan Bloyd, nine years of age, to the appellant, Alma Bloyd Tedder, the court having further impliedly found that appellant is a fit and proper person to have the care, custody and control of said minor child by giving her part time custody of said child."

■ We are of the opinion and so hold that the appellant is correct as to her first point of error. Divided custody between divorced parents of children of tender years should not be permitted except under special conditions under which there is no reasonable alternative and it is made essential and absolutely necessary. Divided custody is usually granted by the trial court by a desire to avoid injuring the feelings of the parents. When the divorce decree was granted, Mr. Bloyd was given the full future care, custody and control of Donald Evan Bloyd and this judgment was not appealed from but became final. A divorce decree vesting custody of a child is res adjudicata as of that date as to the fitness of the parents to have the care and custody of the child and as to the proper custody of the child and will only be modified in a subsequent proceedings upon a showing of changed conditions occurring subsequent to rendition of such judgment affecting the welfare and best interests of minors and requiring that custody be changed. Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188, writ refused, N.R.E.; Leonard v. Leonard, Tex.Civ.App., 218 S.W.2d 296.

■ It is the law of this state that where a divorce has been granted to one of the parties and custody of the child or children of that couple has been granted to one of the parties, the judgment may be modified and changed where changed conditions of a material nature arise, subsequent to the rendition of the divorce decree, of such nature that the best interests of the minor will be served if such custody be changed. For the good of the child, it is to be regretted that the parties here involved cannot understand the harm being done to an innocent child that has not had one thing to do with bringing about the troubles of these two families. In less than a year there have been four times when this same trial court had the consideration of the custody of this little boy to contend with. The main contention as to changed conditions existing, since the divorce was granted to J. E. Bloyd and custody of the child given to him, seems to be changed conditions brought about by the marriage of J. E. Bloyd to the former Mrs. Tedder. The same changed conditions exist as to the former Mrs. Bloyd as she has married Mr. Tedder. The undisputed record shows the child in question to be doing well in school as he has a straight "A" report card,

he attended Sunday School and his scout troop regularly. It was contended by Mrs. Tedder that Mr. Bloyd was teaching the child to hate and fear her but this was denied by Mr. Bloyd. There was no attack made on the character or reputation of Mr. Bloyd. Surely the trial court must have thought and found, from the evidence and observing the parties, that it was to the best interests of the child that Mr. Bloyd have custody of the child. The custody was originally granted to Mr. Bloyd and, although there have been several attempts made to modify the original judgment, the court has never, to the extent of any of its holdings, seen fit to remove the custody from Mr. Bloyd, but we presume from this record that the trial court was attempting to bring about a more harmonious settlement and appease the parties, since it seems that they continued to have trouble about the right of visitation with the child.

■■ We are of the opinion the fact that Mrs. Tedder was given the child from June 15 to August 15 does not entitle her to full custody. If we consider that as any proof; then by the same line of reasoning, since Mr. Bloyd was given the custody for the other ten months of the year, he would be five times more entitled to the custody. We do not believe the reason as to divided custody could be better expressed than as expressed by Judge Alexander in the case of Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426, at page 428 where it is stated:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions. 19 C.J. p. 344, sec. 797, and authorities cited in Note 27; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241."

■ It is our opinion that the record does not disclose any good reason why the custody should be divided between the parents. Therefore, we reverse and set aside that part of the trial court's judgment dividing custody of the child between its parents and hereby award full custody of Donald Evan Bloyd to his father, J. E. Bloyd, as was entered in the original judgment on April 3, 1954, with the right of reasonable visitation privileges given to Alma Bloyd Tedder. Reversed and rendered in part and affirmed in part.