**Dorothy ALEXANDER, Appellant,**

v.

**Cecil ALEXANDER, Appellee.**

**No. 6782.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 10, 1958.

Rehearing Denied Feb. 24, 1958.

Sanders & Stanford, Canton, for appellant.

Joe Tunnell, Canton, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment separating the custody of minor children of divorced parents, who had been twice married to each other and twice divorced. The case was transferred to this Court from the Dallas Court of Civil Appeals as the result of the equalization of court dockets by the State Supreme Court and because of its nature has been advanced for a hearing upon a motion of appellant with the parties to the suit agreeing in writing to waive oral argument in this Court.

The record does not reveal when appellant, Dorothy Alexander, and appellee, Cecil Alexander, were married either time or when they first divorced but it does disclose that they have been twice married and twice divorced, the last divorce having been granted to appellant, Dorothy Alexander, on January 18, 1957, upon her cross-action in a suit filed by her husband. The record likewise reveals that three children were born to the marriage, namely Wayne and Lavonne Alexander, two boys 13 and 12 years of age, and Olean Alexander, a girl 10 years of age, the custody of all of whom were awarded to their mother, appellant herein, when the last divorce was granted, with visitation privileges given their father, appellee herein, who was likewise directed to pay into the registry of the court $15 per week for the support of the three minor children.

Thereafter on April 22, 1957, the father, appellee herein, filed a suit seeking custody only of the two named boys, Wayne and Lavonne, alleging changed conditions and circumstances since the last award was made to the effect that the said boys had on February 21, 1957, been adjudged delinquent children by the juvenile court of Van Zandt County, Texas, by reason of burglary, thus making it advisable to change the custody of the said boys and award them to him. The mother, appellant herein, strongly resists appellee's request for a change of custody of the boys and alleged that at the particular time the boys were charged with the alleged law violation they were then under the direct control and supervision of their father and not her. The mother further charged that the father had failed to contribute to the support of the children as directed by the trial court in the divorce suit and that for every reason it would be for the best interest of all the children if appellee's petition be denied by the Court and all of the children be permitted to remain with her. On August 8, 1957, the trial court without a jury heard the petition and reply for a change of custody and the evidence in connection therewith and rendered judgment finding that appellee was behind with his child support payments in the total sum of $269.40, which sum appellee was required by the court to pay appellant within 60 days; that the custody and control of Wayne Alexander, the older boy, and Olean Alexander be and they were awarded to their mother and the custody of Lavonne Alexander be and he was awarded to their father, who was likewise allowed the privilege of having Wayne and Olean visit him during two weekends each month and to have them during the entire month of June of each year and the child support allowance was reduced from

$15 per week to $10 per week. No provision whatever was made in the trial court's judgment for Lavonne Alexander's mother to visit him or have him visit her at any time. The mother, Dorothy Alexander, perfected her appeal and presents several points of error attacking the trial court's judgment, charging that such provisions therein made are not for the best interest of the children.

The trial court made no findings in support of its award made of the children but it is presumed that it found both parents fit and proper persons to have custody of their children, however, for some unknown reason by its order separated the children and did not allow them to be together at any time under the mother's care or in her home. The only changed condition alleged by appellee was the allegation that the boys had been adjudged delinquent children. The record reveals that with the approval of the mother all three of the children often visited thier father over weekends and at other times after their last award had been made to the mother and in accordance with the provisions of the trial court's order; that a charge of delinquency was filed against both boys alleging they committed burglary of a drug store on February 1, 1957, which was the first Friday of the month; that the record does not disclose what, if anything, the boys took from the drug store, but judging from the record of the case as a whole they probably took something they thought they needed if they took anything; that on February 21, 1957, both parents acting together presented the two boys to the juvenile court without any attorney representing either the boys or their parents where a hearing was had before the juvenile court as a result of which the said court found the boys to be delinquent children and paroled them to their mother, appellant herein, subject to the juvenile court's requirements there announced; that no showing was made to the effect that either of the boys had since in any way violated the juvenile court's order or the requirements made by it and no vio-

lations of such have been charged; that on the contrary the proof reveals that the boys' mother has been looking well after the conduct of the boys and still permitted the children, in compliance with the custody order, to visit their father consistently.

In the case of Bezner v. Sawyer, 217 S. W.2d 858, 860, this Court said in part:

"The law is well settled that the finality of a former judgment in a case such as this obtains so long as the conditions and circumstances remain the same and that in order to change or modify a former judgment in such cases, the complaining party must allege and prove that the circumstances and conditions have so materially changed since the rendition of the former judgment awarding custody of the children as to make it necessary or render it to the best interest of the minor children in question to set aside or modify the former decree for the best interest of the children in question. Evans v. Taylor, Tex.Civ.App., 128 S. W.2d 77; Oldham v. Oldham, Tex.Civ. App., 135 S.W.2d 564; Sawyer v. Bezner [Tex.Civ.App., 204 S.W.2d 19], and numerous other authorities cited in these cases."

It has been more recently held that in such a case the evidence must show that conditions have so changed since the last award has been made and conditions have become of such a material nature as to make it for the best interests of the child or children that a change of custody be made and that it can be reasonably said that it will be injurious to the welfare of the child or children to leave custody as previously adjudicated. Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409, 411; Amend v. Amend, Tex.Civ.App., 268 S.W.2d 206, 210. In the very recent case of Beasley v. Beasley, Tex. Civ.App., 304 S.W.2d 158, 161 (June 14, 1957), Justice Young, speaking for the Dallas Court of Civil Appeals, said in part:

"Likewise, there should· be no division of minor children between the di-

vorced parents unless warranted by circumstances of the particular case." Former Chief Justice Hall, speaking for the Texarkana Court of Civil Appeals, in the case of Beadles v. Beadles, 251 S.W.2d 178, 180, said in part:

"In most cases, the custody of minor children of a family that is broken and destroyed by divorce should not be divided except for strong and convincing reasons."

In the latter case, as in a few others, conditions were there shown to be such as to warrant a separation of the children of divorced parents. But in the case at bar we find no good reason whatever for separating Lavonne Alexander from his brother one year older and his sister two years younger. In our opinion an examination of the evidence reveals that appellee failed to meet the requirements of the law in showing such alleged change of conditions and circumstances as to make a change of custody necessary.

█ It is true that growing children need the guidance of a father but they likewise need the loving care of a mother. There is no complete substitute for the joint efforts of a good father and a good mother living under the same roof and exercising every precaution and even making joint sacrifices if need be to properly rear and educate their children, but these children, through no fault of their own, have been denied such privileges when their mother for good cause shown, was divorced from their father upon her cross action filed in a suit filed against her by their father. The paramount question now, is what is best for the children.

The uncontroverted evidence reveals that in this case the mother has manifested more interest and concern about the welfare of the children than the father. Since their separation she has never been without a job and has arranged her working hours so she could be with them at night. She moved the family away from Canton, Texas, into another home with new surroundings in Mesquite, Texas, partly in order to get away from any bad influences and associations the boys may have had. She now lives in a separate home near her brother and his wife who have helped her support and care for the children. They both testified they had been doing so and would continue to do so. The uncontroverted evidence reveals that the father did not satisfactorily provide for his family before the separation and divorce and has not met the requirements of the law and of the trial court in helping his children since the separation. He has relied upon the children's maternal grandfather and their mother's brother to help support them both before and after the separation. They both testified that by reason of necessity they had helped materially at all times and would continue to help support and care for the children in question. In his testimony the father of these children admitted his failure to discharge his duties. The only excuses he gave for his failure to satisfactorily provide for his children was that he did not have a job. He did not contend at any time that he was unable physically to work. The mother and others who helped care for the children had jobs as well as most of the responsibility of caring for the children both before and after the separation of the parents. Appellee has no home for the boys other than to live in a small house with his aged parents, who did not attend the hearing nor give any testimony to the effect that they would help provide a home for the boys and help care for them other than by "hear say" testimony given by appellee.

Appellee did not seek to separate the boys by asking for only one of them, although he did seek to separate both boys from their younger sister. These children are all in the same age bracket and are doubtless closely bound together by the natural ties of brothers and a sister. We find no reasonable grounds for separating the children from each other but the record does reveal many good reasons why the family ties should not be further broken. According to this record the children have a de-

voted, energetic mother who will exert every reasonable effort to provide for them with the help of her father and her brother and his wife. Appellee testified that the mother was a woman of good moral character who loved her children and did her best to look after them. He also testified that he did not blame the mother for the trouble the boys got into. Under the record before us it appears that it will be for the best interest of all of these children that they be kept together and that the custody and control of all of them be awarded to their mother, appellant herein, Dorothy Alexander. It further appears that, although $5 per week is a meager allowance for the support of each child, it is probably as much as can be expected from a man of no more stamina than appellee appears to have.

In the case of Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426, 428, the late former Chief Justice Alexander of the Supreme Court of Texas, writing then for the Waco Court of Civil Appeals, condemned as being unwise the awarding of a child of divorced parents part time to each parent, and said, " * * * when it is hawked about from one parent to the other," it becomes the center of a parental quarrel which is bad for the child. This Court cited that case and observed the rules there announced in the case of Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347, 353.

■ Under the record and according to the cited authorities and many others, it is our opinion that appellee failed to discharge the burden of proof sufficiently to show a change of conditions and circumstances such as made it for the best interest of the children to change the custody of any of them, for which reason the trial court abused its discretion in changing the custody of Lavonne Alexander from his mother to his father and likewise abused its discretion, under the record here presented, in separating the children by awarding Lavonne to his father and Wayne and Olean to their mother. For the reasons stated that part of the trial court's judgment awarding

Lavonne to his father, reducing the weekly allowance of the children from $15 to $10 per week and that part of the judgment awarding part time custody of the children to their father are all hereby reversed and invalidated and the trial court's judgment is hereby reversed in part and judgment is here rendered awarding full custody and control of all three children herein named to their mother, Dorothy Alexander, appellant herein, with reasonable visitation privileges allowed the father at such times as the mother may determine to be best for the children. But the mother must exercise great care to see that the father has reasonable visitation privileges and she must not abuse the privileges here vested in her. Conley v. Conley, Tex.Civ.App., 229 S.W.2d 926, 931. It is further ordered and adjudged that the father pay into the registry of the trial court $15 per week as originally provided for in the divorce judgment. Other parts of the trial court's judgment not herein reversed and rendered are affirmed.

Reversed and rendered in part and affirmed in part.