**Linnie Mae PAYNTER, Appellant,**

v.

**Alvin Victor JANCA, Appellee.**

No. 13563.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1960.

North, Blackmon & White, Corpus Christi, for appellant.

Neal Dancer, Corpus Christi, for appellee.

BARROW, Justice.

This proceeding is between divorced parents of Jimmy J. Janca, a minor son, four years of age. It was instituted by Alvin Victor Janca, the father, in the form of a habeas corpus, seeking to change legal custody of the child from its mother, Linnie Mae Paynter. The trial court after a hearing divided the custody between the parties, allowing the father custody during the summer months of July and August, and for a two-week period following Christmas of each year, and the mother has appealed.

Appellant and appellee were divorced by a decree of the 105th District Court of Nueces County, Texas, dated June 21, 1957. Jimmy J. Janca was the only child born of their marriage. The decree of divorce awarded the custody of the child to its mother and ordered the father to contribute $50 per month for its support.

Thereafter, appellant married her present husband, Dwight Paynter, a career Navy man with non-commissioned officer rating. Appellant and her husband, Dwight Paynter, have one child born of their marriage, a daughter, who was less than two years of age at the time of the trial. Dwight Paynter and his wife, appellant, at the time of the trial lived in Navy housing on the Naval Air Station at Corpus Christi, Texas. He was then under orders transferring him to duty aboard a destroyer escort vessel operating in the waters of the Mediterranean, with its home port in

Norfolk, Virginia. It was the intention of Dwight Paynter to move his family to Norfolk when he could make arrangements for them. The family has now moved to Norfolk, Virginia.

Appellee, Alvin Victor Janca, has also remarried and a child of that marriage has been born since the trial.

The trial court filed findings of fact and conclusions of law and, among other things, found that both appellant and appellee were fit and proper persons to have the custody of said child.

This appeal is predicated upon two points of error. The first presents the question whether there has been such a change of conditions since the original judgment awarding custody of the child to appellant as to warrant any change in its custody. The second presents the question of whether the facts and circumstances justify a divided custody as was awarded in the case, and whether such would be to the best interest of the child.

 In the original judgment of divorce between the parties, the court found that appellant was a fit and proper person to have custody of the child and awarded its custody to her. That judgment is res judicata as to the facts existing at that time. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Wilson v. Elliott, 96 Tex. 472, 473, 73 S.W. 946, 75 S.W. 368. The burden rests upon appellee to prove that conditions have so changed that to leave the custody of the child as previously adjudicated would be injurious to the welfare of the child and requires that such custody be changed. Alexander v. Alexander, Tex.Civ.App., 309 S.W.2d 886; Amend v. Amend, Tex.Civ. App., 268 S.W.2d 206; Neal v. Medcalf, Tex.Civ.App., 244 S.W.2d 666.

The evidence is undisputed that from the time the child was awarded to appellant by the first judgment until the appellee filed this suit, the relationship between the parties has been at all times pleasant. Ap-

pellee admits that he has never at any time been denied the privilege of the reasonable visitation of the child provided for in the original divorce judgment. The evidence also shows that the child has at all times been well cared for and happy.

Appellee alleged and sought to prove in the trial court that appellant had so conducted herself as to render her unfit to have the custody of said child. The trial court, after hearing the evidence, expressly found that she remains a fit and proper person to have such custody. We have examined the statement of facts and find that such finding is amply supported.

 The only change of circumstances since the original decree is that the parties have both remarried and each of them has another child by the subsequent marriage. The fact that appellee since his remarriage may be in a better position to care for the child is not sufficient to warrant a modification of the original decree. Fontaine v. Fontaine, Tex.Civ.App., 325 S.W.2d 428; Lovelace v. White, Tex.Civ. App., 209 S.W.2d 422; Tavares v. Tavares, Tex.Civ.App., 207 S.W.2d 916. Moreover, the child is only four years of age and should be awarded to the mother, all other considerations being equal. Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732; Longoria v. Longoria, Tex.Civ.App., 324 S.W.2d 244.

 The appellee having wholly failed to demonstrate any change of circumstances such as would require or authorize a change in the original decree, the trial court abused his discretion in making and ordering a change.

Appellee argues that because his visiting privileges will necessarily be hampered on account of appellant's present residence in Norfolk, Virginia, the divided custody is justified. We overrule this contention. Judge Alexander in Martin v. Martin, Tex. Civ.App., 132 S.W.2d 426, 428, the leading

and most often cited case concerning divided custody of children, said:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparrent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions. 19 C.J. p. 344, sec. 797, and authorities cited in Note 27; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241."

This statement of the rule has consistently been followed: Carter v. Carter, Tex.Civ.App., 318 S.W.2d 471; Alexander v. Alexander, Tex.Civ.App., 309 S.W.2d 886; Cluck v. Parchman, Tex.Civ.App., 303 S.W.2d 526; Bartlett v. Bartlett, Tex.Civ.App., 293 S.W.2d 508; Milim v. Mayfield, Tex.Civ.App., 285 S.W.2d 852; Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409; Bronner v. Bronner, Tex.Civ.App., 278 S.W.2d 530; Anderson v. Martin, Tex. Civ.App., 257 S.W.2d 347; Byrd v. Byrd, Tex.Civ.App., 195 S.W.2d 822. In our opinion, the rule is particularly applicable where the parents reside in distant states.

The judgment of the trial court is reversed and judgment here rendered awarding the custody of the minor child, Jimmy J. Janca, to appellant, Linnie Mae Paynter, with the appellee, Alvin Victor Janca, having reasonable visiting rights as provided in the original decree, but in the city where the child resides.