Linda Joan Eddleman FATHEREE et vir

v.

Alton L. EDDLEMAN.

No. 7206.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 17, 1962.

McCarthy, Carnahan, Fields & Haynes, Amarillo, for appellants.

H. B. Porter and Archie S. McDonald, Dumas, for appellee.

DENTON, Chief Justice.

This is a suit brought by a mother as plaintiff against a father to change the custody of their three-year old son. Prior to this suit, the parties were divorced and custody was awarded to the father. Subsequently, this suit was filed and the trial court submitted the case to a jury. Based on the jury verdict, the trial court entered judgment that custody of the child be retained by the father. The mother's motion for new trial was timely overruled and this appeal was timely perfected. Appellant does not challenge the sufficiency of the evidence to support the verdict of the jury, but complains of the trial court's charge and its action in excluding certain testimony.

Appellant's first three points of error have to do with the court's charge to the jury. The case was submitted on one special issue which read as follows:

"Do you find from the preponderance of the evidence that since the former judgment granting custody of the minor child, Jerry Lee Eddleman to Alton L. Eddleman, there has occurred such a material change of conditions that the best interest of said minor child require a ''change of custody to Linda Joan Fatheree?

"Answer Yes or No

"Answer: No."

With the following explanatory instruction:

"In this connection, you are instructed that not every change in conditions justifies the modification of a former decree of divorce awarding the custody of the minor child. Such changed conditions must be such as affect the welfare and best interests of the child and be of such nature that to leave the custody of the child as previously adjudicated would be injurious to the welfare of the child and requires that such custody be changed."

It is appellant's contention that the special issue as framed is erroneous in that it refers to the former judgment awarding custody of the child to appellee, and appellant also objects to the use of the word "require" in the issue. Both the appellant's pleadings and testimony referred to the former judgment awarding custody. This fact was a necessary predicate to the present cause of action. The burden of proof is vastly different when custody is sought in a divorce proceeding, and when change of custody is sought after a divorce and custody has been previously awarded. We fail to see any error in such wording in determining if the jury found that a material change of conditions had occurred as to "require" a change of custody. The trial court was using language often used by ap-

pellate courts of this state in stating the general rule in this type of case. Amend v. Amend (Civil Appeals), 268 S.W.2d 206 (NWH); Pearson v. Pearson (Civil Appeals), 195 S.W.2d 188 (Refused) (NRE); Roberts v. Tippett (Civil Appeals), 239 S.W.2d 859 (NWH). We conclude the special issue submitted was substantially correct.

As to the explanatory instruction given, appellant contends no instruction was necessary, and the instruction as given was a comment by the court on the weight of the evidence. Article 4639a, Vernon's Ann. Tex.Civ.St., was amended by the 57th Legislature in 1961 by adding the following language:

"provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination."

This amendment was obviously intended to make juries' verdicts relative to custody of minor children binding upon the court and not merely advisory. Therefore, in such cases, the same rules governing the submission of special issues must now be applied to child custody cases tried before a jury. Rule 277, Texas Rules Civil Procedure, authorizes the trial court to "submit such explanatory instructions * * * as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues * * *." As the tryer of the facts, the jury is entitled to explanatory instructions to assist them in rendering a verdict. The very crux of appellant's cause of action is to show a material change of conditions since the divorce. The term "change of conditions" as used in child custody cases has come to be a term with a distinctive meaning in law. We are therefore of the opinion the trial court was justified in giving the explanatory instruction in connection with the special issue submitted.

Appellant also contends the instruction is erroneous in that it constitutes a comment on the weight of the evidence. It is well settled that a showing of only slight change of conditions is not sufficient grounds to change custody of children. Short v. Short (Supreme Court), 354 S.W. 2d 933. The change of conditions must be of a material nature. Although the general rule of law relative to the proof required to support the change of a child's custody is well settled, the particular language used by the individual judges in stating the rule does vary. In our opinion, the explanatory instruction given in the case at bar is substantially correct and generally follows the established rule of law. Short v. Short, supra; Amend v. Amend, supra; Neal v. Medcalf (Civil Appeals), 244 S.W.2d 666 (NWH); Alexander v. Alexander (Civil Appeals), 309 S.W.2d 886 (NWH); Paynter v. Janca (Civil Appeals), 331 S.W.2d 814 (NWH). We conclude appellant's first three points of error are without merit.

Appellant next contends the trial court erred in overruling its objection to a question propounded to appellant on cross-examination. Appellee's counsel inquired of appellant if the appellee had charged her with adultery "in that other proceeding". Over appellant's objection she testified in the affirmative. Appellee's counsel then asked, "Were the things that you were charged with in that prior suit, do you think they are correct?" An objection by appellant to the latter question was sustained and it was unanswered. The question relative to the charge against appellant in the prior divorce case was improper. However, after reviewing the entire case, we are of the opinion it was not such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause a rendition of an improper judgment in the case. Rule 434, T.R.C.P.

787

Appellant also contends error was committed in the exclusion of testimony of appellant's present husband to the effect he had heard the child deny appellant was his mother. This testimony was excluded on the ground it was hearsay. Appellant argues this testimony was not offered for the purpose of showing the truth of a statement made but to show appellee and his parents were prejudicing the child against his mother, the appellant. At the time of this hearing, the child was only three years of age. Any statement by a child of such tender years, whether it be hearsay or not, cannot be of probative force. The statement if admitted into evidence, would not have been decisive in the trial of this case. These two points present no reversible error.

On the date of the trial, appellee filed an instrument designated "MOTION TO REQUIRE PLAINTIFF TO ASSUME JURY COSTS" and cited Section 1, Article 4639a, V.A.T.S. The trial court sustained this motion and ordered that appellant deposit the sum of $250.00 with the clerk or the case would be stricken from the jury docket. Pursuant to the court's order, appellant deposited that sum over its timely objection. It is undisputed that appellant had previously complied with Rule 216, TRCP, by depositing a jury fee of $5.00 with the clerk. The record indicates the sum of $250.00 represented $5.00 for each member of the jury panel present. We are called upon to interpret the phrase "upon assumption of jury costs" as used in Article 4639a as amended. As previously stated, the plain intention of the amendment was to make the jury's verdict in these cases binding upon the trial court and not advisory. A fundamental rule of statutory construction is that statutes should be so construed as to carry out the legislative intent. Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W. 2d 4, 121 A.L.R. 931. It is equally well established that a statute must be reasonably construed, consistent with the general principle of law. Magnolia Petroleum Company v. Walker, 125 Tex. 430, 83 S.W.2d 929.

Rules 216 and 217, T.R.C.P., provide the method whereby a party to a civil suit may obtain a trial by a jury. Rule 216 provides, "No jury trial shall be had in any civil suit, unless application be made therefor and unless *a fee of five dollars* if in the district court * * * *be deposited* by the applicant with the clerk to the use of the county * * *." (Emphasis added.) Rule 217 provides for an oath of inability to pay but has no application here. Although it may be argued the phrase "upon assumption of jury costs" is susceptible to more than one interpretation, we are of the opinion only one reasonable interpretation can be given. The clear legislative intent is that if a party to a child custody proceeding elects to demand a jury to decide the custody issue, he is only required to comply with Rule 216, to-wit: make application therefor and deposit a fee of $5.00; or file an affidavit of inability to pay as provided for in Rule 217.

An interpretation which requires a party demanding a jury in such cases to deposit a larger or different amount would be unreasonable and cause an injustice to litigants. Such construction would lead to uncertainty and confusion. Wood v. State, supra. The actual costs of providing for and maintaining a jury would be difficult, if not impossible, to determine. Many factors in addition to the jurors' daily fees enter into the actual jury costs. To require a substantial sum to be deposited in order to have a child custody case determined by a jury would greatly prejudice the rights of many litigants. This is contrary to the plain intent of the Legislature. We conclude the trial court erred in requiring appellant to deposit any sum in addition to that required by Rule 216 in order to obtain a jury trial. However, such error is not one which goes to the merits of the case as it could have no effect upon the jury's verdict. The trial court's judgment is therefore reformed and corrected so as to overrule appellee's "MOTION TO REQUIRE PLAINTIFF TO ASSUME JURY COSTS". The clerk of the trial court is therefore directed to pay over to appel-

lant the sum of $250.00 which was paid into the treasury of the court pursuant to the court's erroneous order.

The judgment of the trial court is so reformed and, as reformed, affirmed.