**Mary Avis SMITH et vir, Appellants,**

**v.**

**Wade H. CLEMENTS, Appellee.**

**No. 7763.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 2, 1968.

Rehearing Denied Jan. 29, 1968.

H. M. Hood, Borger, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellants.

Dunlap & Zimmerman, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a child custody suit filed by the mother and stepfather of the children here involved against the father for custody of the children awarded to the father in his divorce suit. The case was tried before a jury and after the evidence was introduced, the defendant filed a motion for an instructed verdict which motion was granted by the trial court. Judgment was entered that the plaintiffs take nothing by their suit against defendant and that defendant have and retain custody of the two minor children, Walter Wade Clements and Warren Eugene Clements. From that judgment, the plaintiffs perfected this appeal. The parties hereinafter will be referred to as they were in the trial court.

■ We do not disagree with the principles as contended by the plaintiffs in their contention here as to why they should be granted custody of these children where they state:

"The record must be considered in the light of certain recognized principles:

First: The April, 1966, divorce decree granting custody to the father with visitation rights only to the mother is res judicata with respect to conditions then existing and with respect to the proper custody of the children under the conditions which then existed;

Second: A change of custody will be authorized only if a *material* change of circumstances is shown to exist, and the change of circumstances which will justify a change of custody must be of sufficient magnitude that the welfare of the children demands a change; and

Third: The burden of proof rests upon the plaintiff to demonstrate by a preponderance of the evidence that a change of this magnitude has taken place."

■ It seemed to be the contention of the mother of these children that the custody should be changed for the reason that she had remarried and had a home for the children. That alone is not sufficient. In the case of Fontaine v. Fontaine, Tex.Civ. App., 325 S.W.2d 428, (no writ history), it is stated:

"[2, 3] It is familiar law that "where the custody of a minor has by divorce decree been awarded to one party, one seeking a modification of the decree changing the award has the burden of establishing changed conditions arising subsequent to the date of the decree which would materially affect the welfare of the child." Neal v. Medcalf, Tex. Civ.App., 244 S.W.2d 666, 670 [10]. "The party seeking a change of custody has the burden of proving that since the judg-

ment of divorce conditions have so changed as to render the other parent an improper custodian, or that the welfare of the child demands a change." 15–B, Tex.Jur. p. 104. Appellee admits to unchanged conditions with respect to the mother as custodian; simply asserting his remarriage which, in itself, is uniformly held not to be a sufficient ground or reason for modification. Tavares v. Tavares, Tex.Civ.App., 207 S.W.2d 916; Lovelace v. White, Tex.Civ.App., 209 S.W.2d 422; 43 A.L.R.2d 364."

The undisputed record here is that the mother came to the home of the defendant and used such vile and vulgar language against the defendant and his present wife that it was necessary to call the police. This happened on two separate occasions. Both boys testified that they were afraid of their mother. They further testified their stepmother was better to them than their mother. One of the boys testified when they visited their mother she would go into the closet and start crying and call them to come hold her hand. The plaintiffs reside in a trailer house. The defendant lives in a four bedroom house and the boys have a room all their own. There is no evidence in this record that the boys are in any way being mistreated. There is no evidence against the character or reputation of the defendant nor of his present wife.

■ Child custody judgment in divorce actions is res judicata as to the question of the child's best interest and of custody. Where change of custody disrupts the child's living arrangements and changes the child's affections, such change should be ordered only when the trial court is convinced that change is to be positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 and cases cited.

■ In custody cases the underlying principle paramount to all others is the welfare and best interest of the child. In no way in conflict with this rule is another,

equally well established, that once the court has decreed custody there may be no change in the child's custody except where adequate cause therefor arises out of changed conditions. The principle is based on the idea not only the stability of the home life of the child is an important and vital factor but also that the turmoil of litigation must somewhere end. Short of modification based upon adequate grounds, the decree awarding custody is conclusive and settled beyond recall other than by appeal. Moreover, the actions and conduct of one of the parties to the divorce which gives offense to the other or even to the public at large are not a matter that calls for or permits a change of custody unless such actions and conduct are shown to affect directly the welfare and best interest of the child.

■ Where a court has decreed custody to one parent, such parent may not be deprived of the custody for any supposed unfitness unless it be shown that he or she is so unfit as to endanger the child's welfare. A custody proceeding is not one to discipline one parent for such parent's shortcomings as an individual, nor to reward the other for any wrong suffered therefrom. Before a decree awarding custody may be vacated and the child's life unsettled, the evidence must be clear and convincing that the child's welfare and best interest will be directly promoted by a change.

■ We are unable to find in this record any evidence that would justify a jury or the judge of the trial court in finding there was such a change of conditions as to require the change of custody. The children are healthy and happy and there is nothing even to indicate that anything is wrong with the children's present surroundings. We think the trial court was correct in holding there was no evidence in this case that would justify a jury to hold the defendant was an improper custodian of the children to demand a change.

Judgment of the trial court is affirmed.