**Elaine Bastow BARRON, Appellant,**

v.

**Jack Irving BASTOW, Appellee.**

**No. 13153.**

Court of Civil Appeals of Texas,
Austin.

June 18, 1980.

Rehearing Denied July 9, 1980.

Jane R. Matyastik, Cameron, for appellant.

Robert E. Jack, Henderson & Jack, Cameron, for appellee.

SHANNON, Justice.

This is an appeal from judgment of the district court of Milam County, modifying a previous divorce decree pursuant to Texas Family Code Ann. § 14.08 (Supp.1980).

Appellee Jack Irving Bastow filed a motion in September, 1978, in the district court of Milam County to modify a divorce decree entered by that court in July, 1974. The 1974 divorce decree, in effect, had appointed appellee's former wife, appellant Elaine Bastow Barron, managing conservator of the couple's two children. By his motion, appellee sought appointment as managing conservator of the children, Keith Allen Bastow, age eight, and Kelli Renee Bastow, age five.

The trial was to a jury. The jury answered that the circumstances of the Bastow children and appellant had so materially and substantially changed since entry of the 1974 divorce decree that retention of appellant as managing conservator would be injurious to the welfare of the children. The jury responded further that the appointment of appellee as managing conservator of the children would constitute a positive improvement.

The district court entered judgment upon the jury's verdict. The judgment removed appellant as managing conservator of the children and appointed appellee managing conservator. The judgment further named appellant possessory conservator.

Texas Family Code Ann. § 14.08 (Supp. 1980) authorizes the court having jurisdiction of a suit affecting the parent-child relationship to modify, after hearing, an order appointing a managing conservator if:

"(c) . . .

(1) . . . if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that

the appointment of the new managing conservator would be a positive improvement for the child . . . "

Appellant assails the judgment by many points of error. By her first three points, appellant urges that there is no evidence or, alternatively, insufficient evidence to support the jury's answers. The rules for consideration of "no evidence" and "insufficient evidence" points of error have been stated many times. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's verdict and consider only the facts and circumstances that tend to support the verdict. In reviewing factual sufficiency points of error, the court considers all of the evidence. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960).

A few weeks after entry of the judgment of divorce, appellant gave birth to her son, Mark. Mark was fathered not by appellee, but instead by Edward Barron. At that time, appellant and the Bastow children were living in Cameron with Barron. Keith Bastow was enrolled in kindergarten in Cameron. Appellant was not working. Appellant was the only person caring for the children and she claimed that she never left them unattended.

In 1975, appellant, the children, and Barron moved from Cameron to Calvert where they set up housekeeping in a trailer house. After the move to Calvert, appellant and Barron agreed between themselves to be married. According to Barron, he and appellant, themselves, performed the marriage ceremony. The couple did not bother with a formal marriage because they held the view that a "piece of paper" (a marriage license) does not make, necessarily, a good relationship.

Appellant enrolled the Bastow children in the public schools in Calvert. Appellant then sought and obtained employment. At the time of hearing appellant was working in Hearne. There was some evidence that, on occasion, appellant left the children unattended. At the time of the hearing, the Bastow children were being kept three or four days a week after school by a babysitter who did not speak English.

Appellant's liaison with Barron has alienated her from her parents. Appellant's mother and father have never received Barron and appellant has not visited in their home for three or four years. It has been largely through appellee's efforts that Keith and Kelli have been able to visit their maternal grandparents.

There was evidence that the Bastow children appeared poorly kept, were dirty, and wore dirty clothes. Other evidence indicated that appellant was not very attentive to the children's health needs. Appellant's witnesses, to the contrary, claimed that the children were clean and neatly dressed. Keith, even though about nine years of age at trial time, had been unable to control completely his bowel and voiding habits. Keith was taken to a counselor by appellee's present wife. The counselor suggested that the boy needed training and that with training the boy could master the problem.

Appellee endeavored to prove that the school district that appellant moved away from was superior to that of Calvert.

At the time of divorce, appellee was living in a motel in Rockdale. Appellee did not believe at that time that he could provide a home and adequately take care of the children. Moreover, appellee claimed that at the time of the divorce, he was under the impression that the mother in a divorce suit automatically obtained custody of the children.

After the divorce, appellee married his present wife, Marcie Curry Bastow, who has one child by a previous marriage. Appellee and his family now live in Rockdale and he works for Alcoa. He and Mrs. Bastow have a comfortable home. There was evidence from which the jury could have concluded that the Bastows were responsible, concerned, and loving parents who could provide Keith and Kelli with a stable, wholesome home life.

Rejecting all evidence contrary to the jury's answers and considering only the facts and circumstances that tend to sup-

port those answers, this Court is of the view that there is some evidence that the circumstances of the managing conservator, appellant, and of the children have so materially and substantially changed since entry of the order to be modified that retention of appellant as managing conservator would be injurious to the welfare of the children, and that the appointment of appellee would be a positive improvement for the children. In reaching this conclusion, this Court, of course, does not pass judgment upon the pattern of living followed by either appellant or appellee. Instead, this Court simply holds that appellee has discharged his burden of producing some evidence in support of the jury's answers to the special issues.

Appellee proved that appellant bore her third child out of wedlock. Appellant has continued to live with the father of the child, Barron, without benefit of a formal marriage. The jury could have concluded justifiably that appellant neglected the health and care of the children. The jury, of course, had the opportunity to observe and evaluate the strength and weakness in character of the respective parents, to weigh the credibility of their testimony, and to assess the physical, mental, moral, and emotional needs of the children. *Wallace v. Fitch*, 533 S.W.2d 164 (Tex.Civ.App.1976, no writ).

From the evidence, the jury could have concluded that the existing parent-child relationship was not a proper one and that appellant's parental ability was questionable. *Colbert v. Stokes*, 581 S.W.2d 770 (Tex.Civ.App.1979, no writ). The jury was entitled to consider the stable wholesome home life offered by appellee and his family for Keith and Kelli in contrast to that of appellant's.

In reviewing appellant's insufficient evidence points of error, this Court has considered all the evidence and has concluded that the jury's answers are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant has other points of error concerning, mainly, the district court's admission of evidence. None of those points is meritorious. All of appellant's points are overruled and the judgment is affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.