COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 EDUARDO
 FUENTES,
  
                             Appellant,
  
 v.
  
 REBECCA
 JASSO,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00109-CV
  
 Appeal from the
  
 383rd District Court
  
 of El Paso County, Texas
  
 (TC# 96CM7305)
 
 




 

MEMORANDUM OPINION

 

Eduardo Fuentes appeals the trial
court=s order naming Rebecca Jasso (his
ex-wife) as primary conservator of their son. 
Finding no abuse of discretion, we affirm.

Facts








In 1997, the Fuentes-Jasso divorce
decree gave the parties joint custody of their minor child, A.F.  Under the decree, Fuentes had the exclusive
right to establish the child=s residence, so long as that residence was in El Paso.  There was no child support ordered.  Although there are conflicting statements,
the record reveals A.F. divided his time between parents until January 1999,
when the boy began living with Jasso, and Fuentes began making child support
payments.  In 2001, Fuentes and Jasso
agreed that A.F. should live in Tucson with Fuentes.  Jasso says the agreement was temporary, a
point which Fuentes disputes.  Eleven
months later, A.F. moved back to El Paso with Jasso.  Fuentes asserts that once A.F. returned to
live with Jasso, she began limiting his access to the boy.  In July 2002, Jasso filed a motion to modify
the divorce decree, alleging material and substantial changes since the initial
custody order, and asking the court to designate her as primary conservator
with the exclusive right to establish the boy=s residence.  Fuentes filed a countermotion, asking that
the geographic limitation be lifted so that A.F. could live with him in
Tucson.  The trial court denied Fuentes= motion, and granted Jasso=s motion.

Standard of Review

A trial court=s judgment regarding the best
interest of a child in terms of child support and conservatorship is a
discretionary function that will not be reversed absent an abuse of
discretion.  MacCallum v. MacCallum,
801 S.W.2d 579, 582 (Tex. App.--Corpus Christi 1990, writ denied).  The test for abuse of discretion is whether
the trial court acted without reference to any guiding principles; in other
words, whether the act was arbitrary or unreasonable.  Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990).

Issue One: Material and Substantial
Change Warranting Modification








In his first issue, Fuentes alleges
the trial court abused its discretion in finding that a material and
substantial change had occurred justifying a modification in the divorce
decree.  Both appellee=s motion to modify custody, and
appellant=s countermotion, required proof of a
material and substantial change in circumstances and that a modification was in
the child=s best interests.  Tex.
Fam. Code Ann. ' 156.101 (Vernon Supp. 2004).  A party alleging a material and substantial
change in order to support his motion cannot then deny that a material and
substantial change has occurred for the purposes of the opposing party=s motion to modify.  Thompson v. Thompson, 827 S.W.2d 563,
566 (Tex. App.--Corpus Christi 1992, writ denied).  In his countermotion, appellant judicially
admitted material and substantial changes had occurred since the initial
custody order.  Thus, he cannot now
challenge the trial court=s finding that a material and substantial change had occurred
as an abuse of discretion.  Casteel-Diebolt
v. Diebolt, 912 S.W.2d 302, 305 (Tex. App.--Houston [14th Dist.] 1995, no
writ); Thompson, 827 S.W.2d at 566. 
The pleadings and testimony show that since the initial custodial order,
A.F.=s father has moved out of the state
and has remarried, and the child=s mother has remarried and borne
another child.  In considering whether a
material change of circumstances has occurred, Texas courts have held that
remarriage of one or both parents is a pertinent factor.  Barron v. Bastow, 601 S.W.2d 213,
214-15 (Tex. Civ. App.--Austin 1980, writ dism=d).

Fuentes cites Smith v. Clements,
424 S.W.2d 326, 328 (Tex. Civ. App.--Amarillo 1968, writ ref=d n.r.e.), for the notion that
remarriage is not in itself sufficient evidence of changed circumstances to
warrant a custodial change.  However, Smith
does not hold that remarriage can never be one of the factors relating to a
substantial change.








Fuentes also asserts that his move
from El Paso to Arizona is not material and substantial.  It is true that in certain instances, Texas
courts have held that a move was not a material change warranting a change in
custody.  See, e.g., Short v. Short,
163 Tex. 287, 291, 354 S.W.2d 933, 936 (1962) (in case where the court
transferred custody from mother to father, the fact that the father moved did
not represent a material and substantial change); Belford v. Belford,
682 S.W.2d 675, 76-77 (Tex. App.--Austin 1984, no writ).   Nevertheless, there are other situations in
which a parent=s move more than 300 miles away from
the other parent=s residence has been held a material and substantial change. Bates
v. Tesar, 81 S.W.3d 411, 416 n.1 (Tex. App.--El Paso 2002, no pet.).

Here, the record reflects there is sound
basis for a court to find a material and substantial change has occurred in
A.F.=s life.  His parents have both remarried, his father
has changed careers and left the state, and he has a new half-sister.  In addition, the decree that gave Fuentes the
exclusive right to establish his son=s place of residence restricted that
right to the El Paso city limits.  Given
the fact that Fuentes no longer resides in El Paso, and he has the exclusive
right to establish a residence for the child that must be in El Paso, the
custody order had clearly become unworkable and was ripe for modification.  The trial court=s order is neither arbitrary nor
unreasonable.  We therefore overrule
appellant=s first issue.








Issues Two and Three:  Best Interest of Child

In his second issue, Fuentes asserts
the trial court abused its discretion by making Jasso primary conservator.  In his third issue, Fuentes asserts that the
trial court abused its discretion in denying his countermotion to lift the
geographic limitation on A.F.=s residence.

A court=s primary consideration in any
conservatorship case shall be the best interest of the child.  In re V.L.K., 24 S.W.3d 338, 342 (Tex.
2000).  Courts consider many factors in
determining the child=s best interest.  See
Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976); See also In re Doe
2, 19 S.W.3d 278, 282 n.20 (Tex. 2000) (recognizing that intermediate
courts employ the Holley factors to ascertain best interest in
conservatorship cases).  Those factors
include, but are not limited to:

(1) the desires of the child; 

 

(2) the emotional and physical needs of the child now
and in the future;

 

(3) the emotional and physical danger to the child now
and in the future;

 

(4) the parental abilities of the individuals seeking
custody;

 

(5) the plans for the child by these individuals;

 

(6) the stability of the home;

 

(7) the acts or omissions of the parent which may
indicate that the existing parent-child relationship is not a proper one; and

 








(8) any excuse for the acts or omissions of the
parent.  See Holley, 544 S.W.2d at
371-72.

 

Initially, we note that this record
reflects A.F. has two loving parents who provide for him, there are no
allegations of abuse or neglect, the child is well-adjusted, and states he
loves and is comfortable with both parents and his stepparents.  Fuentes urges Jasso has shown a lack of
stability, which should preclude entrusting 
her with primary conservatorship. 
This argument is weakened, however, by the fact that during the time he
claims she was not stable, Fuentes placed his son in Jasso=s care.   Fuentes also relies on the testimony of
Jasso=s estranged mother and sister, who
testified that they consider Fuentes to be the better parent, as well as the
testimony of a court-appointed social worker who conducted a social study in
the case.  In her report, Yvette Ramirez
of Domestic Relations Family Court Services detailed the problems between Jasso
and her mother and sister.  Jasso=s mother said she feels Jasso has
never made A.F. a priority in her life, and limits the grandmother=s access to the boy.  Jasso=s sister testified to similar
concerns about her sister=s stability and inability to prioritize A.F. in her life.








However, Ramirez also spoke with
Jasso=s cousin, who said she is a good,
loving, and patient mother.  A friend of
both Jasso and Fuentes opined while Fuentes is a good father, A.F. should
remain with his mother.  The counselor
also interviewed A.F., who said he has fun with his mother, misses his father,
and is treated well by his stepparents. 
Ramirez concluded that both parents have the ability to meet A.F.=s needs.  Jasso=s plan for her son=s care includes keeping him at Jesus
Chapel School, enrolling him in extracurricular activities, joining a church,
and encouraging him to one day attend college. 
She also said she would do whatever is necessary for the boy to maintain
his relationship with his father. 
Ramirez concluded her report by stating, Aeach have demonstrated the ability
and capability to provide for their son . . . .@ 

The record shows the trial court was
also impressed by both parents:

The Court: 
Frankly, from what I=ve seen and from what I=ve read
in the reports, it=s quite obvious to me that both parents care a great
deal about this child.  Both parents love
this child.  And I anticipate that
regardless of what decision I make, that both parents are going to continue to
remain very active in the child=s life.

 

We must conclude that the trial court
acted with reference to guiding principles of family law and with concern for
the best interest of the child.  We
cannot say that his decision was arbitrary or unreasonable.  We recognize the painful reality that where
two devoted parents are divorced, this sort of hard choice is sometimes
inevitable.  Along with the trial court,
we voice our confidence that both parents will remain active, positive
influences on their son=s life.  We overrule
appellant=s issues two and three.

                                                                    Conclusion

We affirm the ruling of the trial
court.

 

SUSAN
LARSEN, Justice

May 13, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.